### LUBA HILL *v.* JAMES HILL
### (13064)

O'Connell, Lavery and Hennessy, Js.

Argued April 27—decision released September 12, 1995

*Jocelyn B. Hurwitz*, with whom was *Richard G. Kent*, for the appellant (defendant).

*Luba Hill*, pro se, with whom, on the brief, was *John R. Williams*, for the appellee (plaintiff).

LAVERY, J. The defendant appeals from the trial court's decision granting the plaintiff's motion to modify an order of child support. On appeal, the defendant argues that the trial court improperly (1) increased his child support obligation in response to the plaintiff's motion, (2) retroactively modified a prior judge's order concerning child support payments, and (3) proceeded with the hearing on the plaintiff's motion in the absence of sworn affidavits from both parties. We disagree with the defendant's arguments and affirm the judgment of the trial court.

The record reveals the following facts. On June 4, 1991, the plaintiff brought this action seeking the dissolution of her fifteen year marriage to the defendant. The trial in this matter was held on March 10, 1992, and by decision dated March 18, 1992, the trial court, *Karazin, J.*, rendered judgment dissolving the parties' marriage. At the time of the dissolution, the trial court ordered, inter alia, the continuation of a prior order of unallocated alimony and child support of $250 per week.

On May 12, 1993, the parties appeared in court on the plaintiff's motion for emergency financial relief. After a hearing on the motion, the trial court, *Moran, J.*, ordered the defendant to pay $595 per week to the

plaintiff as child support effective as of that date. On June 8, 1993, Judge Moran entered further orders continuing the child support at $595 per week and modifying the alimony award to $365 per week, effective immediately.

The plaintiff subsequently filed a motion to modify the child support, dated September 14, 1993, which is the subject of this appeal. In that motion, the plaintiff requested that her award of child support be increased to $652 per week because the defendant had "consistently and substantially understated his net monthly income and overstated his federal tax withholding for the purpose of defrauding his children of the support to which they are entitled under the Child Support Guidelines."[1] A hearing was held on the motion on November 17, 1993. At the conclusion of this hearing, the trial court, *Petroni, J.*, ordered that for the fourteen

---

[1] The plaintiff's motion asserted the following facts:

"1. Child support for the four (4) minor children of this marriage . . . was set by this Court (*Moran, J.*) earlier this year at $595 per week.

"2. The said order was based on financial affidavits submitted by the defendant wherein the defendant swore that $913 per month was being deducted from his gross pay for federal taxes. Said affidavits were submitted to this court on three separate occasions in 1993, and they are dated April 22, 1993, and July 12, 1993.

"3. Based upon his aforesaid sworn statement concerning his alleged federal tax withholding, the defendant swore to this court on April 22, 1993, that his total net monthly income was $5,170. On the same basis, the defendant swore on July 12, 1993, that his total net monthly income was $4,873. These statements were false.

"4. On September 7, 1993, pursuant to the plaintiff's subpoena, the defendant produced in this court his pay stubs for the period of May 1, 1993 to September 1, 1993. Those pay stubs were marked as exhibits for the plaintiff at the hearing conducted that day before Judge Moran on the plaintiff's motion for contempt.

"5. The said pay stubs establish that at all times in the months of May through August, 1993, the federal tax deductions from the defendant's pay have been only $160.65 per month in each and every month of that time period. The said pay stubs further establish that the defendant's average *net* monthly pay for the months of May through August, 1993, was $5,934.85." (Emphasis in original.)

week period between the date of Judge Moran's order, May 12, 1993, through August 31, 1993, the defendant was required, pursuant to the child support guidelines, to pay child support in the amount of $652 rather than the $595 that originally had been ordered. The trial court therefore ordered that the difference of $57 be paid and added to the defendant's support obligation. The trial court further ordered, on the basis of the documentation submitted at the hearing, that as of the date of the modification hearing, the defendant's child support obligation be increased to $670 per week.

I

The defendant first argues that the trial court improperly increased his child support obligation in response to the plaintiff's motion to modify. Specifically, the defendant argues that neither the motion to modify nor the trial court's decision was based on the criteria for modification set forth in General Statutes § 46b-86,[2] namely, a substantial change of circumstances or a deviation from the child support guidelines. According to the defendant, if there was an error in Judge Moran's

[2] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . . No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

support order, the plaintiff should have filed a motion to open the judgment within four months of the date of the judgment.[3] Since the plaintiff did not do this, the defendant argues that the plaintiff was required to prove fraud in order to justify opening the judgment. Because the court did not make a finding of fraud, the defendant therefore argues that it had no authority to modify the support order since the motion was filed more than four months after the date of Judge Moran's order.[4] We disagree with the defendant's arguments.

The plaintiff's motion to modify alleged that the defendant's sworn statements concerning his alleged federal tax withholding were false. At oral argument on the motion, the plaintiff stated that she was alleging fraud.[5] After the hearing on the motion, and after consid-

[3] General Statutes § 52-212a provides in relevant part: "[A] civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." See Practice Book § 326.

[4] We note that on May 12, 1993, the defendant was ordered to pay $595 per week as child support. On June 8, 1993, the court, in ruling on the plaintiff's motion to modify support and alimony dated April 16, 1993, continued the child support order at $595 per week and modified the alimony award to $365 per week. At oral argument on the plaintiff's motion on November 17, 1993, her counsel indicated that she sought to modify the order of May 12, 1993.

[5] The following colloquy occurred:

"Mr. Williams [Plaintiff's Counsel]: It is my contention that when Judge Moran entered his support order earlier this year he did so upon the basis of inaccurate statements by the defendant about . . . the nature of his withholding and his net pay.

"The Court: So you are saying there was either an intentional fraud or a negligent act, something in negligence that was submitted at that time upon which orders were based?

"Mr. Williams: That's right, Your Honor.

* * *

"Mr. Williams: We are not alleging a material change in circumstances. We are alleging fraud as to certain mistakes.

"The Court: So if there is a fraud, under a whole line of cases I can always hear it if there is a fraud.

"Mr. Williams: That's right."

ering the evidence, Judge Petroni, without making a finding of fraud, concluded that the defendant had improperly determined his tax exemptions, resulting in a lesser amount of child support due for the four minor children.[6] The court therefore modified the award so that it complied with the standard established by the

[6] The trial court stated: "The guidelines set forth the number of children that require certain minimum support each week. . . . [T]here is no evidence in any statute or case law or in the legislative history that a person can determine on his own to exempt 27 persons when, in fact, there are only 4 exemptions in the federal and state code for this situation for the . . . four minor children. These children are all minors and the court finds that it should be considered under the combined or the net weekly income of the defendant for four children and finds accordingly.

"The court finds . . . that Judge Moran's order was based on certain criteria that involved withholding taxes, both on the state and federal level.

"The court will not make a finding that there was fraud, but the evidence to me is clear and convincing that the . . . defendant James T. Hill had no right on his own as far as the child support guidelines are concerned to withhold 27 exemptions and will base its findings only on four children being his duty to support and will apply that formula in the guidelines. The evidence is clear to the court that his duty is to support according to these guidelines, which are minimum requirements.

\* \* \*

"I'm finding that the method that [the defendant] used . . . did not show intentional fraud, but it is an error and he had no right to use that method, if the information that's correct is before me, and I will order that the correct amount that is due these children be paid.

\* \* \*

"I find that he had no right to withhold the 27 exemptions and that his income at that time averaged $1,370 net, and under that formula under the guidelines it required him to pay $652 and I have so ordered, and that is a shortfall of $57 per week for that fourteen week period.

"As far as today, the court finds . . . that his income falls in the category of $1,430, which creates an obligation of $670 per week for the four children based on these Child Support Guidelines which, as the court said, is minimum.

"There is a substantial change in circumstances also in that this court has found that the pay records that are before it produce net income guidelines that I just stated for that four-month period, they were $1,370 a week and the correct amount that the court finds is $652 under those guidelines, and as of this date the support orders will be $670 a week for the four minor children.

\* \* \*

"[T]he court has considered all of the arguments today and finds that there is a substantial change in circumstances under § 46b-86 of the Connecticut General Statutes . . . ."

child support guidelines. We conclude that the court acted within its discretion in so ordering.

"Courts have intrinsic powers, independent of statutory provisions authorizing the opening of judgments, to vacate any judgment obtained by fraud, duress or mutual mistake." *In re Baby Girl B.*, 224 Conn. 263, 283, 618 A.2d 1 (1992). In the present case, we conclude that Judge Petroni properly vacated Judge Moran's decision on the ground of mutual mistake.[7]

"The support guidelines create a rebuttable presumption that the amount of support calculated thereunder is the appropriate amount of support to be ordered by the court. General Statutes § 46b-215b. This presumption can be rebutted only if the trial court finds, on the record, that it would be inequitable or inappropriate to apply the guidelines because of evidence satisfying one of the guidelines deviation criteria." *Feliciano v. Feliciano*, 37 Conn. App. 856, 858–59, 658 A.2d 141, cert. granted, 234 Conn. 915, 661 A.2d 96 (1995); see *Favrow v. Vargas*, 222 Conn. 699, 712–13, 610 A.2d 1267 (1992).

At oral argument before this court, *the defendant conceded that, taking judicial notice of the child support guidelines in effect at the time, and using the defendant's affidavit submitted to the court for the May 12, 1993 hearing, the appropriate amount of child support equals $652.* This is the amount that Judge Petroni ordered so as to correct what he considered the defendant's improper conduct in claiming his tax exemptions. The record supports the conclusion that Judge Petroni found that a mutual mistake had been committed in the prior financial orders entered by Judge Moran due to the format of the defendant's affidavit.

---

[7] Judge Petroni found that "it is an error." The defendant did not seek, pursuant to Practice Book § 4051, to have Judge Petroni articulate his decision regarding the error and we therefore cannot ascertain whether Judge Petroni was referring to the parties' error or an error by Judge Moran.

The record further supports the conclusion that Judge Petroni corrected the parties' mutual mistake and increased the defendant's required payments to comply with the standard required by the child support guidelines. Considering the policy of the child support guidelines, we conclude that Judge Petroni properly corrected the mathematical error in Judge Moran's decision and properly increased the defendant's support obligation.

## II

The defendant next argues that Judge Petroni lacked the authority, pursuant to § 46b-86, to modify retroactively Judge Moran's order concerning support payments. We conclude, however, that the trial court did not retroactively modify the support order and, therefore, we disagree with the defendant's argument.

We agree with the defendant that retroactive modification of a support order is prohibited. See *Sanchione* v. *Sanchione*, 173 Conn. 397, 406, 378 A.2d 522 (1977). We previously concluded, however, that Judge Petroni acted within his discretion in correcting the parties' mutual mistake in the support order based on the incorrect information submitted by the defendant at the May 12, 1993 hearing. The court, upon discovering the mistake, entered the order that was mandated by the child support guidelines effective as of the date of the original order. We conclude that this correction does not amount to a retroactive modification of the support order.

Judge Petroni further ordered a prospective modification of the defendant's support obligation to $670 per week based on evidence that his weekly salary had increased from $1370 to $1430. This order likewise does not violate the prohibition against retroactive modification of a support order.

## III

The defendant next argues that the trial court improperly proceeded with a hearing on the plaintiff's motion in the absence of sworn financial affidavits from both parties pursuant to Practice Book § 463.[8] The plaintiff argues in response that the purpose of her motion was not to effect a change in circumstances but rather was intended to conform the support order to the true income of the defendant. She therefore argues that the trial court acted within its discretion in not requiring her to file a new financial affidavit. We agree with the plaintiff.

In *Glinski* v. *Glinski*, 26 Conn. App. 617, 623, 602 A.2d 1070 (1992), we noted that "§ 463 specifically allows a court to render permanent financial orders in the absence of the opposing party's financial affidavit. See *Sachs* v. *Sachs*, 22 Conn. App. 410, 419, 578 A.2d 649, cert. denied, 216 Conn. 815, 580 A.2d 60 (1990)." We conclude, in the circumstances of this case, that it was not an abuse of discretion for the trial court to consider the plaintiff's motion based on the documentation that was already before the court.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] Practice Book § 463 provides in relevant part: "At the time a motion concerning alimony, support or custody is filed, or at the time a dissolution of marriage, legal separation or annulment action is claimed for a hearing, the moving party shall file a sworn statement substantially in accordance with a form prescribed by the chief court administrator, of current income, expenses, assets and liabilities, and pertinent records of employment, gross earnings, gross wages and all other income. The opposing party shall file such sworn statements at least three days before the date of the hearing on any of the above matters. . . . Notwithstanding the above, the court may render pendente lite and permanent orders, including judgment, in the absence of the opposing party's sworn statement."