[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were divorced by judgment dated February 21, 1991. The judgment, in part, ordered "As a further property settlement the defendant is awarded the 34 Deer Run Road property in Woodbridge, CT, to be her sole property. The plaintiff is awarded the 67 Deer Run Road, Woodbridge, CT, property to be his sole property. Each of the parties shall be fully responsible for all obligations in the future relating to the respective properties and hold the other harmless."
By written stipulation between the parties dated December 12, 1995, the judgment was reopened, on the basis of mutual mistake, and further stipulated orders were made. Those included a provision that 67 Deer Run Road, Woodbridge was ordered the property of the defendant, not the plaintiff. (The parties indicated on the record that the numbers of the two properties on Deer Run Road had been mistakenly `swapped').
The parties are unable to agree as to which party is responsible for the payment of the real estate taxes on the 67 Deer Run Road, Woodbridge property. The taxes at issue are for the Grand List of October 1, 1991 (payable July 1, 1992 and January 1, 1993) the Grand List of October 1, 1992 (payable July 1, 1993 and January 1, 1994), the Grand List of October 1, 1993 (payable July 1, 1994 and January 1, 1995) and the Grand List of October 1, 1994 (payable July 1, 1995 and January 1, 1996). Also there is agreement between the parties, now court ordered, that plaintiff pay the interest and lien fees of these unpaid taxes through December 31, 1995. There is no agreement about the payment of interest and lien fees for January 1, 1996 forward. That matter is also subject of this decision. CT Page 131-A
The plaintiff argues that the only matter in the judgment (relating to the issues at hand) modified were which property the defendant was supposed to get on Deer Run Road. Plaintiff argues that the judgment was always in place, undisturbed, that each was to pay the expenses relating to their respective property. Plaintiff points out that the parties stipulated it was mistake, the defendant had been in the 67 Deer Run Road property all the time at issue and had received her support payments from plaintiff.
Relying on a similar argument, defendant also notes that until December 12, 1995, 67 Deer Run road was, by the judgment, the plaintiff's and, therefore, he should pay the taxes.
Neither party points to any law which would control on this issue. It has been held that the retroactive application of a child support order to the original order date was not error, where that order was subsequently modified as a result of mutual mistake. Hill v. Hill, 39 Conn. App. 258, 265 (1995). Then, the effective date of this modification based on mutual mistake is the date of the original court order, February 21, 1991. Further principles of equity, as well as law, must be considered. Since the date of judgment in 1991 (actually March 1, 1991) the plaintiff has been paying the unallocated alimony and support order. Since that date, the defendant has been residing at the residence at 67 Deer Run Road. It is a reasonable construction of the judgment to conclude that the weekly unallocated support order was related to the order to pay the costs of the property, including its real estate taxes. Berg v. Berg, 24 Conn. App. 509,513-514 (1991).
Had the order granting defendant 67 Deer Run Road been entered at the time of judgment, the defendant would without question, have been responsible for the payment of the taxes at issue. Only mistake as acknowledged by stipulation, intervened. It has been reformed. Further, defendant has demonstrated no adverse economic effect of the "mistake" sitting in place through the intervening years.
The defendant is solely responsible for the payment of real estate taxes on 67 Deer Run Road, Woodbridge for the Grand List of October 1, 1991 and all years thereafter. The defendant is solely responsible for interest and late fees accruals from January 1, 1996 forward. CT Page 131-B
Lynda B. Munro, Judge