[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State of Connecticut, on behalf of the petitioner, has appealed pursuant to Conn. Gen. Stat. § 46b-231(n) the decision of the family support magistrate establishing child support in an amount which deviates from the amount established by the child support guidelines. The State claims that the evidence presented to the magistrate does not justify deviation under the criteria established by the child support guidelines.
The court has reviewed the record and the transcript of the proceeding at issue. No additional evidence has been submitted. See Conn. Gen. Stat. § 46b-231(n)(6).
The petitioner resides in the State of Alabama and has brought a petition for paternity and child support against the respondent pursuant to the Uniform Reciprocal Enforcement of Support Act, C.G.S. §§ 46b-180, et seq. Pursuant to § 46b-186, the attorney general has appeared on behalf of and represents the petitioner.
On January 19, 1995, the family support magistrate, Ronald M. Sullivan, found the respondent to be the father of the minor child at issue, Michael McDaniel. The State requested that the magistrate enter a child support order of $101 per week. This CT Page 4405-II amount was in accordance with a child support guidelines worksheet submitted by the State based on the respondent's financial affidavit. The respondent requested that the magistrate deviate from the child support amount required by the guidelines based upon three factors: (1) the needs of other dependents, (2) extraordinary medical expenses, and (3) a higher cost of living in Connecticut than in Alabama.
On February 2, 1995, the magistrate issued a written order directing respondent to pay child support of $50 weekly. The magistrate made no findings and articulated no basis for his decision.
The State filed a motion for reconsideration dated March 8, 1995, requesting that the magistrate reconsider its child support order of February 2, 1995 on the ground that the magistrate failed to articulate its reason for deviating from the guideline amount.
A hearing was held on March 16, 1995 on the State's motion for reconsideration. The magistrate heard argument on the motion and reserved his decision. The motion was subsequently denied by the magistrate. The magistrate in denying the motion cited "(b)(4)(B) and (b)(3)(C)" as his reasons for deviating. The State has appealed the magistrate's decision denying its motion for reconsideration.
The standard for reviewing the decision of the family support magistrate is set forth in C.G.S. § 46b-231(n)(7):
 The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
At the hearing before the magistrate on January 19, 1995, it was undisputed that, in addition to the child who was the subject CT Page 4405-JJ of these proceedings, the respondent had five other children. Three of his other children were eighteen or older and two were twins, age fifteen. The respondent was paying $150 week in child support for the twins. He also claimed to be supporting the three adult children as well as two grandchildren. The respondent asserted that the support he provided all of these persons served as an allowable basis for deviating from the guideline amount.
The respondent also claimed that he incurred extraordinary medical expenses on behalf of his twin children. As evidence, he submitted an orthodontic bill in the amount of $870.
The State asserted that the $150 paid in child support for the twins was already factored into the guideline amount through a deduction from the respondent's gross income and that the additional evidence submitted by the respondent did not establish an appropriate basis for deviating from the guideline amount.
The child support guidelines create a rebuttable presumption that the amount of support calculated thereunder is the appropriate amount of support to be ordered by the court. General Statutes § 46b-215b. This presumption can be rebutted only if the trial court finds that it would be inequitable or inappropriate to apply the guidelines based on sufficient evidence satisfying one of the deviation criteria contained in the guidelines. Hill v. Hill, 39 Conn. App. 258, 264 (1995) A review of the record demonstrates that the magistrate failed to make the necessary findings required for a deviation from the guideline amount and that the evidence submitted failed to satisfy the deviation criteria established by the child support guidelines.
The Connecticut Supreme Court has held that a court, in addressing the issue of whether to deviate from the amount of child support established by the child support guidelines, must first determine on the record the amount of support indicated by the guidelines schedule. Favrow v. Vargas, 231 Conn. 1, 25
(1994). The magistrate in this case failed to make such a finding. Moreover, the magistrate failed to make any findings of fact regarding the respondent's claims for deviation. See Mullinv. Mullin, 28 Conn. 632, 636 (1992) in which the Appellate Court reversed and remanded a trial court decision deviating from the guidelines in the absence of any findings on the record.
In addition, the magistrate abused his discretion in finding CT Page 4405-KK that the deviation criteria was satisfied in this case. Cf.Favrow v. Vargas, 231 Conn. 1, 30 (1994). The magistrate could not have reasonably concluded that the evidence submitted in this case satisfied the guidelines criteria cited by him. See Turnerv. Turner, 219 Conn. 703, 709 (1991).
The first deviation criteria cited by the magistrate, §46b-215a-3(b)(4)(B), states that "it may be appropriate to deviate from the guidelines amount to permit the parent to assist in meeting the following needs, which shall include any extraordinary unreimbursable medical expenses for such individuals; . . . (B) those of children of subsequent unions for whom there is no support order, provided such needs may be used as a possible defense against an increase in the support order, but not as a reason for decreasing such order. . . ." The magistrate's citation to § (b)(4)(B) is apparently a typographical error.
A review of the record does not indicate any evidence that the respondent has any children from unions subsequent to the union that produced the child at issue here. The child at issue here is thirteen years old. The respondent's three daughters are all over the age of eighteen and his twin sons are fifteen years old. In addition, the proceedings before the magistrate did not involve a defense against an increase in the support order. It is impossible to conclude for certain whether the magistrate's citation is in error because he made no findings of fact.
It appears that the magistrate intended to cite § (b)(4)(A) of the child support guidelines which authorizes a deviation to meet "those [needs] of children of prior unions residing with the obligor, or for whom the obligor is making verified payments. . . ." The evidence that was properly before the magistrate however fails to satisfy this criteria.
Any support that the respondent is providing to his three adult children does not qualify. These family members are over the age of eighteen and the guidelines define child or children to mean "an unemancipated individual who has not attained the age of eighteen years." Sec. 46b-215a-1(4).
Any support being provided by the respondent to his grandchildren also does not satisfy this criteria. By its express terms, this specific criteria is limited to "children". While the criteria generally refers to the "needs of a parent's other dependents", this general language is limited in the body of the CT Page 4405-LL section to children and subsequent spouse. See subsections (A), (B), and (C) of § (b)(4). Moreover, a deviation is limited to those dependents for whom the parent is "legally responsible". See § (b)(4). The respondent is not legally responsible to support his grandchildren.
The only needs that arguably meet the deviation criteria of § (b)(4) are those of the respondent's twin children. The support provided by the respondent to these children however was already taken into consideration by the guidelines schedule. The child support payment of $150 weekly contributed by the respondent was deducted from his gross income in determining the guideline amount of child support for the child at issue here. To include it again in the deviation criteria would be to double count it.
The respondent also claimed before the magistrate that extraordinary unreimbursable medical expenses of his twin children necessitated deviation. The respondent asserts that both §§ (b)(4) and (b)(3)(C) authorize deviation on this basis.
The only evidence submitted to the magistrate on this issue was a single orthodontic bill in the amount of $870. No evidence was submitted that this bill was uncovered by insurance or that the respondent was paying it or was obligated to pay it. No evidence was submitted that there were any other unreimbursable medical expenses related to his twin children for which the respondent had paid or was obligated to pay.[1] The evidence that was properly before the magistrate does not satisfy the deviation criteria of § (b)(4) that the medical expenses of the children be "extraordinary" or of § (b)(3)(C) that they be "extraordinary" and "substantial and continuing".
It also would not have been reasonable for the magistrate to conclude that he should reduce the child support paid by the respondent from the guideline amount of $101 per week to $50 per week based solely on one medical bill of $870. The reduction is over 50% and would result in a decrease in child support payments of over $2,500 each year.
For the foregoing reasons, the decision of the magistrate is hereby reversed. This matter is also remanded to the family support magistrate for further proceedings consistent with this decision. CT Page 4405-MM
Jon M. Alander, Judge