[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to vacate the court's pendent lite alimony order based on mutual mistake.
On April 3, 1998, the court held a hearing on the plaintiff's motion for temporary alimony. Although the plaintiff subpoenaed the defendant to appear for that hearing, he, instead, fled the country to a residence in Great Britain. At the hearing, the plaintiff related that the defendant informed her that he was the beneficiary of a $20,000,000 trust fund and received between $1,000,000 and $1,500,000 per year in interest. This information was communicated to her by the defendant while the parties were at plaintiff's counsel's office on November 17, 1997.
The parties were at that office so that the plaintiff could obtain legal advice regarding a sham divorce, the purpose of which was to obtain more favorable tax treatment. Unfortunately, the planning and discussion attendant to procuring a divorce of convenience blossomed into genuine marital discord leading to the current action.
As a result of the hearing of April 3, 1998, the court ordered the defendant to pay the plaintiff temporary alimony at $50,000 per month. After the defendant appeared through counsel, he moved to vacate this order on the basis of fraud. The court conducted an evidentiary hearing on this motion, found no fraud proven, and denied the motion. The defendant now moves to vacate the order based on mutual mistake. On September 14, 1998, he court heard evidence on this motion.
The defendant acknowledges engaging in a conversation CT Page 10768 concerning his assets and income on November 17, 1997, at plaintiff's counsel's office. He claims that the plaintiff misunderstood the $1,000,000 to $1,500.00 range to refer to his annual income rather than the amount of principal he holds. This miscommunication is the gravamen of the claim for mutual mistake.
Courts have the intrinsic power to vacate orders issued as a result of mutual mistake, Hill v. Hill, 39 Conn. App. 258, 264
(1995). The defendant's contention fails to fit the doctrine of mutual mistake, however. The mistake must be mutual, Barnett v.Barnett, 26 Conn. App. 355, 357 (1992). Here, the defendant claims that the plaintiff misunderstood him. He makes no claim that he was mistaken as to his financial circumstances. Assuming, arguendo, the defendant's version of events to be accurate, no mutual mistake transpired.
Usually, this conclusion would end the matter. The court, however, feels constrained to exercise its equitable power to vacate the order to ensure justice will be served despite the absence of mutual mistake. The court has heard evidence, including that of the defendant's British financial coordinator, which casts doubt and uncertainty on the true status and amount of the defendant's trust income. This murkiness compels the court to vacate its previous order and order a new hearing as to temporary alimony so that the defendant's financial wherewithal can be accurately ascertained.
The court points out that the confusion and uncertainty regarding the defendant's income were in no way the result of the plaintiff's action but were solely the result of the defendant's flight and dishonor of the subpoena. Rather than allow a temporary alimony order to stand, however, which may bear little relation to the defendant's true income, the court must hear evidence on this issue anew.
Sferrazza, J.