ROBERT W. DENLEY *v.* MARY ELLEN DENLEY
(13297)

DUPONT, C. J., and HEIMAN and SCHALLER, Js.

Argued May 2—decision released July 4, 1995

*Robert W. Denley,* pro se, the appellant (plaintiff).

*Kevin P. Thornton,* with whom, on the brief, was *Michele A. Caulfield,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the judgment of the trial court denying his motion for modification of alimony and child support payments that had been awarded to the defendant upon the dissolution of the marriage of the parties. The plaintiff claims that the trial court improperly (1) allowed to be introduced

and considered evidence of the plaintiff's income in 1991 and 1992, (2) characterized the plaintiff's automobile allowance as income, (3) included in the calculation of income money that the plaintiff had received from the exercise of stock options, awarded to him as part of the dissolution, and (4) rendered a decision that was contrary to the evidence presented at the hearing on the motion for modification. We affirm.

The marriage of the plaintiff and the defendant was dissolved on March 10, 1992. The dissolution decree required the plaintiff to pay to the defendant $300 a week in alimony and $375 a week in child support for the parties' two children. The dissolution decree further provided that the plaintiff would retain certain stock options, not then exercisable, which the plaintiff had acquired as part of his employment compensation as a field salesman with Anthem Electronics.

On April 21, 1993, the plaintiff filed a motion for modification of alimony and support payments. In the motion and at the hearing on the motion, the plaintiff argued that there had been a substantial change in his financial circumstances since the entry of the decree. The plaintiff claimed that because he had lost an important client, his income had decreased substantially. In support of his argument, the plaintiff submitted an affidavit that reflected his average weekly income for part of 1993.

The trial court held a hearing on the motion for modification and allowed evidence to be introduced of the plaintiff's income in 1991, 1992 and part of 1993, including the profit that the plaintiff had generated by exercising his stock options. The trial court found that the plaintiff had failed to satisfy his burden of proving a substantial change in his circumstances.

"General Statutes § 46b-86 governs the modification or termination of an alimony or support order after the

date of a dissolution judgment." *Borkowski* v. *Borkowski*, 228 Conn. 729, 734, 638 A.2d 1060 (1994). The disputed order may be modified "upon a showing of a substantial change in the circumstances of either party . . . ." General Statutes § 46b-86 (a).[1]

" 'A trial court is endowed with broad discretion in domestic relations cases. Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did.' " *Glinski* v. *Glinski*, 26 Conn. App. 617, 620, 602 A.2d 1070 (1992).

The plaintiff claims that the trial court should not have allowed evidence of the plaintiff's income from 1991 and 1992 to be introduced and considered. The plaintiff asserts that the trial court should have considered only the plaintiff's most recent financial information that was contained in his latest financial affidavit. The plaintiff contends that any other financial information, such as his income in 1991 and 1992, was not current information and, thus, was irrelevant to the trial court's decision. We disagree.

"Section 46b-86 reflects the legislative judgment that continuing . . . payments should be based on current conditions. . . . Thus, [t]o avoid re-litigation of matters already settled, courts in modification proceedings allow the parties only to present evidence going back to the latest petition for modification. . . . [D]ecrees may only be modified upon proof that relevant circumstances have changed since the original decree was granted." (Citations omitted; internal quotation marks omitted.) *Borkowski* v. *Borkowski*, supra, 228 Conn.

---

[1] General Statutes § 46b-86 provides in pertinent part: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

735–36. This limitation, however, does not prevent a trial court from considering relevant evidence of a party's circumstances prior to and subsequent to the last applicable court order if needed for purposes of a reasonable comparison. It is within the trial court's discretion to ascertain what financial information is relevant.

"The rules for determining the admissibility of evidence are well settled. The trial court has broad discretion to determine both the relevancy and remoteness of evidence. . . . Only upon a showing of a clear abuse of discretion will this court set aside on appeal rulings on evidentiary matters. . . . In considering the relevancy of evidence, we ask whether it tends to establish the existence of a material fact or to corroborate other direct evidence in the case. . . . Because there is no precise and universal test of relevancy, however, the question must ultimately be addressed on a case-by-case basis in accordance with the teachings of reason and judicial experience." (Citations omitted; internal quotation marks omitted.) *Dunham* v. *Dunham*, 204 Conn. 303, 324, 528 A.2d 1123 (1987).

Here, the original alimony and support payments were based on the plaintiff's financial condition in 1991 and up to March 10, 1992, the date of dissolution. The trial court compared that financial condition with the plaintiff's "current" circumstances to determine if there had been a substantial change in circumstances. The trial court indicated that it contrasted the plaintiff's financial information from the last full calendar year prior to the dissolution judgment with the first full calendar year postjudgment.

The plaintiff is a commissioned salesman whose income varies from month to month. Therefore, it was not an abuse of discretion for the trial court to have reviewed a block of time exceeding that included in the

plaintiff's latest financial affidavit to obtain an accurate picture of the plaintiff's financial circumstances. The trial court did not abuse its discretion by comparing the plaintiff's financial condition as it did.

The plaintiff also claims that the trial court mischaracterized the plaintiff's automobile allowance as income, and considered the allowance in its determination of whether there had been a substantial change in circumstances. Neither the trial court's memorandum of decision nor its subsequent articulation contain any discussion about the plaintiff's automobile allowance, and we cannot know to what extent, if any, the court did consider it. The plaintiff's W-2 statement for 1992, however, includes an automobile allowance as income, as did his financial affidavit at the time of the dissolution. The amount of the car allowance did not vary from the date of the plaintiff's affidavit at the time of the dissolution to the date of the plaintiff's latest affidavit. We cannot, therefore, conclude that the car allowance affected the trial court's determination.

The plaintiff next contends that the trial court improperly considered as income the profit that he had received through the redemption of stock options that had been awarded to him at the time of the dissolution. The plaintiff contends that because he was awarded the stock options as property in the dissolution decree, any money that he received from the exercise of those stock options was simply a conversion of an asset and should not have been considered income by the trial court for purposes of assessing whether there had been a substantial change in circumstances. We agree.

The mere exchange of an asset awarded as property in a dissolution decree, for cash, the liquid form of the asset, does not transform the property into income. *Simms* v. *Simms*, 25 Conn. App. 231, 234, 593 A.2d 161, cert. denied, 220 Conn. 911, 597 A.2d 335 (1991).

The fact that the asset, when converted to cash, produced a profit is irrelevant because "[o]nly in cases of fraud can a modification be based on an increase in the value of assets." Id. The trial court should not have included the profit that the plaintiff generated by exercising the stock options in its determination of whether there had been a substantial change in the circumstances of the parties. Our inquiry, however, does not end with that conclusion.

The question becomes whether, exclusive of the profit, there was a substantial change in circumstances since the judgment of dissolution. In other words, the question becomes whether the trial court was correct despite its improper determination that the profits from the stock were includable income. " 'As an appellate court, we do not review the evidence to determine whether a conclusion different from the one reached could have been reached. . . . The goal of our analysis is simply to decide whether the trial court's conclusion was reasonable.' " (Citations omitted.) *Glinski* v. *Glinski*, supra, 26 Conn. App. 620. After carefully examining the relevant facts concerning the financial circumstances of the parties, we conclude that even if the profit from the options was disregarded, the trial court exercised its discretion properly in concluding that there was no substantial change in circumstances of either party warranting a modification of the plaintiff's obligation of support and alimony.

Finally, the plaintiff claims that the trial court's finding, that the plaintiff had failed to sustain his burden of proving a substantial change in circumstances, was not supported by other evidence in the record. The plaintiff directs our attention to specific testimony that indicated a decrease in income because of the loss of a substantial client.

The trial court's memorandum of decision, however, indicates that the court did consider this information,

as well as the new assignment to him of another substantial account, in its determination of whether the plaintiff had sustained his burden. The plaintiff failed to meet his burden to show that this new account would not produce income equivalent to that of the lost account. The plaintiff had the burden of proving a substantial change in circumstances. *Bunche* v. *Bunche*, 180 Conn. 285, 290, 429 A.2d 874 (1980). He did not.

Primarily, the plaintiff relied on the loss of a major account and on a comparison of his weekly income for a portion of 1993 with his weekly income at the date of dissolution to establish a substantial change in circumstances. We conclude that the trial court was correct in its conclusion that there was no substantial change in the financial circumstances of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.