[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION #144 FOR MODIFICATION
This Motion for Modification of child support was filed by the plaintiff on June 22, 1994. A brief history of the pleadings post-judgment are necessary for an adequate understanding of the positions of the parties.
Their marriage was dissolved, and in its opinion, dated March 10, 1992, the court, Harrigan, J., ordered the plaintiff father to pay Three Hundred, Seventy-five ($375.00) Dollars in child support and Three Hundred ($300.00) Dollars as alimony per week. The court found that his net weekly income was Nine Hundred, Thirty ($930.00) Dollars.
On April 21, 1993, the plaintiff filed a Motion to Modify, which was denied by the court, Harrigan, J., on November 15, 1993. The plaintiff had claimed that he had lost a major client, and that his income was reduced as a result. In that opinion, the court found that income received from his exercise of stock options could be included as income for child support and alimony payments. That ruling was appealed. Judge Harrigan was affirmed by the Appeallate Court on July 4, 1995. (Denley v. Denley,38 Conn. App. 349) However, the Appellate Court found that the funds generated from the exercise of the stock options should not have CT Page 3010 been included as income. (Denley, supra at 353-354) Regardless of that ruling, it held that the plaintiff did not prove a substantial change in circumstances, and that the court's assessment of his income as a commissioned salesperson over time was appropriate. The court held that it was proper for the trial court to look to yearly income rather than to limit itself to the last thirteen (13) weeks. The denial of the Motion to Modify filed one year after the judgment of the court was affirmed.
The instant motion was filed during the pendency of that appeal, and heard over a variety of days, with final written arguments made some time ago. The plaintiff makes the same argument in support of this Motion to Modify, e.g., that he has lost a major client and that his income has been reduced. The defendant, who now must appear pro se because of the protracted proceedings in this court and on appeal, claims that the plaintiff continues to make comparable income and continues to spend in excess of his income. The record discloses large credit card balances. Because he continues to be reimbursed for his business travel and entertainment, the court finds that these obligations he claims are discretionary spending, predominantly on himself. The court finds that they cannot be a factor in reducing support for his family. Moreover, those spending habits continue to stress the family finances. Historically he has been the bread-winner, and has maintained a very competent earning level in sales. The record also discloses that income disclosed to the Internal Revenue Service in 1993 was Eighty-two Thousand, Eight Hundred Eighty-five ($82,885.00) Dollars. In 1994, it was Ninety-three Thousand, Five Hundred, Ninety-one ($93,591.00) Dollars. His year to date in August of 1995, within six (6) months of the hearing was Fifty-one Thousand, Four Hundred Forty-three ($51,443.00) Dollars. A filing made during written final argument discloses year to date earnings to October 25, 1995 to be over Sixty-six Thousand ($66,000.00) Dollars. The defendant's exhibit 1 and 2 demonstrate that in the last two months of 1994 he earned approximately Twenty-nine Thousand ($29,000.00) Dollars. The commission earnings fluctuate and the inference found by this court is that his income will approximate at least his 1993 income. His gross income on his financial affidavit filed in November of 1995 shows weekly income of almost One Thousand, Four Hundred ($1,400.00) Dollars, but with a net of Eight Hundred ($800.00) Dollars. In final argument, the defendant questions the amount deducted for federal income tax purposes on a weekly basis. The court does not need to make a finding with respect to that claim. CT Page 3011
The evidence of income over time makes it clear that there has not been a substantial change in circumstances, not only from the date of the last hearing, but also from the date of the original judgment.
The defendant has great expenses but they are self-generated, and demonstrate a complete lack of self-control. Moreover the court must reiterate that the payment of child support and alimony by court order is an income based determination. The fact that the defendant has impoverished himself due to his spending habits should not have the consequence of enabling him to neglect his parenting and family responsibilities by a downward modification of child support and alimony.
This defendant has developed a pathetic history of using the court process to deny his children support, and to wear down his former spouse. His arrearage in child support is not justifiable, nor should it be condoned by the court. The evidence is clear that he has a very ample earning capacity. It is a societal and legal expectation that he support his family in a manner which comports with that ability. He must take responsibility for his lack of control of spending on his own desires and entertainment.
The court therefore denies plaintiff's Motion for Modification.
DRANGINIS, J