[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 17, 1997 CT Page 7404
The defendant husband has moved for a downward modification of his alimony obligation. The current alimony order of $600.00 was entered on January 7, 1994 as part of the judgment of dissolution entered by this court (Petroni, J.).
In August, 1994, the defendant moved for a reduction of his alimony obligation. His motion was denied on January 6, 1995. That decision was affirmed by the Appellate Court on February 13, 1996.
The instant motion is based upon the claim by the defendant that a reduction is warranted due to both a decline in his income and an improvement in the plaintiff's income constituting a substantial change in financial circumstances.
This motion was argued in June 1996. Additional testimony was required and presented in October 1996.
This court was subsequently under the mistaken belief that the parties were not pursuing a decision in this matter. For that reason no action was taken until counsel for each party notified the court that its decision was overdue.
Having heard the arguments of the parties and having taken into consideration the applicable case law and the relevant provisions of the Conn. General Statutes, including Sections46b-81, 46b-82, and 46b-86, and the criteria set forth therein, the court makes the following findings and orders.
In his decision filed January 6, 1995 the court (Petroni, J.) found, inter alia, that there had not been a substantial change of circumstances in the finances of either party since the date of the dissolution and that the amount of $600.00 per week was an appropriate order. He also found that the defendant was in wilful contempt of the court's order to pay said alimony. The arrearage was found to be in the amount of $2,041.61 for "alimony and health insurance orders" and the defendant was ordered to pay that amount even if it meant borrowing from or invading his 401 (k) pension plan.
During argument and in his post-hearing memorandum, the CT Page 7405 defendant steadfastly maintained that the scope of the review regarding the instant motion should not be limited to events since the date of Judge Petroni's ruling which was subsequently affirmed by the Appellate Court. The defendant concedes that if limited to the events and circumstances since Judge Petroni's ruling, this court would only be able to discern a "smallfurther disintegration in the defendant's financial condition, namely a $5,000.00 decline in his annual bonus."
The plaintiff, citing Borkowski v. Borkowski, 288 Conn. 729,737 (1994) has argued that the court should apply the principal holding in that case to the instant matter. In Borkowski, the Supreme Court ruled that a court must limit the scope of its review in modification matters to facts occurring since the last ruling by the court. "[T]o avoid re-litigation of matters already settled, courts in modification proceedings allow the parties to present evidence going back to the latest petition for modification. Borkowski, supra, p. 736.
Alimony decrees may only be modified upon proof that relevant circumstances have changed since the original decree was granted. H. Clark, Law of Domestic Relations (1968) 14.9.
Once the trial court finds a substantial change in circumstances, it can properly consider a motion for modification of alimony. After the evidence introduced in support of the substantial change in circumstances establishes the threshold predicate for the trial court's ability to entertain a motion for modification, Borkowski, supra, p. 737.
As further stated in Borkowski, "because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential." Borkowski, supra, p. 738.
The court's inquiry is necessarily confined to a comparison between the current conditions and the last court order.
The defendant argues that if this court were to consider thecumulative extent of the post-judgment changes in his finances — those which preceded Judge Petroni's denial of his motion together with the "small further disintegration" of his finances which preceded this motion — this court would have sufficient CT Page 7406 evidence to find a substantial change in his financial circumstances.
For purposes of modifying or terminating obligations under the parties' dissolution decree, in determining whether the circumstances had changed, the trial court is limited to considering events arising subsequent to the date of the last modification.
It is well established that when a party, pursuant to §46b-86, seeks a postjudgment modification of a dissolution decree that earlier had been modified, he or she must demonstrate that a substantial change in circumstances has arisen subsequent to the entry of the earlier modification. Benson v. Benson,187 Conn. 380, 383 (1982).
The fact that the defendant in this case was unsuccessful in his one previous attempt to modify the existing order is of no consequence. The operative factor is that there must be a substantial change in circumstances since the last time the partyargued for a modification — regardless of whether or not he succeeded in that last attempt. As the defendant concedes in his brief, Judge Petroni found that the defendant failed to prove the change of circumstances necessary as a condition precedent to a re-evaluation of his financial obligations. The defendant's claims were litigated at that time. They cannot be relitigated again as part of this motion.
The power of the trial court to modify the existing order does not . . . include the power to retry issues already decided; H. Clark, supra, 14.9, p. 456, as cited in Borkowski, supra,
p. 738.
A court having performed its function of ruling upon a controversy, cannot be taken over by the litigants for the continued readjudication and reconsideration of their affairs. To allow otherwise would waste time and leave an undesirable uncertainty in the economic affairs of the parties. Borkowski,supra, p. 739.
The defendant further argued that in addition to claimed downward changes in his income, the plaintiff had experienced a substantial increase in her financial picture which should be the basis for modifying the defendant's alimony obligation. Specifically, he cited the profit realized by the plaintiff in CT Page 7407 the sale of the former marital residence which had been awarded to her as part of the judgment.
The evidence permits a finding that the plaintiff did sell the home for $234,000.00 and that she extinguished a mortgage which had been on the house, saving her from having to pay approximately $1,100.00 per month in mortgage fees. She then used $118,500.00 of the profit, together with additional loans she incurred, to purchase a home in North Carolina — all of which resulted in a considerable reduction in her monthly expenses. The relocation to North Carolina, the defendant claims, has further reduced the plaintiff's monthly expenses for cost-of-living reasons.
The defendant also sought to elicit concession by the plaintiff that her children make various contributions to the household budget thereby enhancing the plaintiff's finances.
All of those changes in the plaintiff's financial picture being true, for argument sake, there is no legitimate basis for the defendant to try and capitalize on the plaintiff's astute management of her finances. He would, in effect, seek to have the court penalize the plaintiff for making the best of her assets and everyday bills and expenses.
The plaintiff's sale of her house and the liquidity she realized and which funded the other changes in her lifestyle are not financial changes which can be the basis of the modification of alimony sought by the defendant.
The mere exchange of an asset awarded as property in a dissolution decree, for cash, the liquid form of the asset, does not transform the property into income. Simms v. Simms,25 Conn. App. 231, 234, (1991). The fact that the asset, when converted to cash, produced a profit is irrelevant because "[o]nly in cases of fraud can a modification be based on an increase in the value of assets." Denley v. Denley, 38 Conn. App. 349 (1995).
The plaintiff was awarded the marital residence as property in the dissolution decree. Any money that she received from the sale of that property was simply a conversion of an asset and should not be considered income by the court for purposes of assessing whether there had been a substantial change in circumstances. CT Page 7408
The history of this dissolution shows that the defendant has never accepted his responsibility for the alimony award to the plaintiff. He sought to reduce it only months after it was ordered. His appeal from that order was denied. He has consistently failed to fully pay that obligation to the extent that he was held in contempt and ordered to invade his pension to satisfy the arrearage which he ran up. As of the time of the hearing on this motion, he remained in arrears in the approximate amount of $12,513.08.
Equity, alone, mitigates against any consideration of the defendant's motion to reduce his alimony obligation to the plaintiff. That fact notwithstanding, the court, for the reasons stated hereinabove, denies the defendant's motion for modification of alimony.
DOHERTY, J.