[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to modify an order of periodic alimony.
On October 2, 1997, the court, Loiselle, J.T.R., after a contested hearing, rendered a dissolution judgment obligating the defendant to pay periodic alimony of $200 per week to the plaintiff. The defendant appealed from that decision on October 9, 1997. On December 30, 1997, the parties reached an accord, accepted by the court, whereby the defendant's appeal was withdrawn and the alimony order was decreased to $160 per week beginning June 1, 1998, and further decreased to $120 per week thereafter or until the plaintiff's death, remarriage, cohabitation, or attainment of sixty-five years of age. On March 16, 1998, the defendant filed this motion to modify the alimony again based on a purported substantial change of circumstances. On April 13, 1998, the court held an evidentiary hearing on this motion.
The defendant claims that his income is substantially lower since the date of the last modification, December 30, 1997. His average gross income for the thirteen weeks preceding that date was around $750 per week. His average gross income for the thirteen weeks following that date was about $560 per week.
Motions to modify alimony are controlled by G.S. §46b-86. Section 46b-86(a) permits such modification upon a showing of a substantial change in the circumstances of the parties. The movant bears the burden of demonstrating the existence of a substantial change in circumstances. Crowley v. Crowley,46 Conn. App. 87, 91 (1997).
The defendant proposes that the court restrict its evaluation CT Page 4440 to a comparison of the two thirteen week blocks described above. The court rejects this proposition. The defendant works as a crane mechanic whose employment fluctuates seasonally throughout the year. In this case, a comparison of only the last quarter of 1997 with the first quarter of 1998 paints an inaccurate picture of the defendant's true earnings and financial circumstances. The court is free to consider and compare the entire year of 1997 with the defendant's prospects for 1998. Denley v. Denley,38 Conn. App. 349, 352 (1995).
The trial court in its memorandum of decision took into account that the defendant was then unemployed and only works about half the year. The defendant offered no concrete evidence that he will work less in 1998 or at a lower hourly wage. Based on the evidence adduced at the hearing, the court concludes that the defendant has tailed to meet his burden of proving that his income has substantially decreased.
The motion to modify is denied.
Sferrazza, J.