[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by Mihalakos, J. on February 28, 1989. In accordance with said judgment the wife received the marital home which had a stipulated fair market value of $325,000. together with all personal property in the marital home except for items inherited by the husband from his mother and sister's estates.
The wife further received as periodic alimony the sum of $1.00 per year, non-modifiable as to term, until the happening CT Page 8228 of the first of the following events: the death of either party, the remarriage by the wife, cohabitation by the wife, the wife's 62nd birthday, (which occurred on February 9, 1998).
The defendant wife filed motion #118.09, motion for modification of periodic alimony dated December 15, 1995, served on December 22, 1995 and date stamped by this court on December 27, 1995. A series of short calendar claims, a subpoena duces tecum, motion to quash, new discovery requests, objections thereto, interrogatory and production requests, depositions, unemployment of the plaintiff-husband, reclaims, objections to the reclaims, motion for compliance, requests for continuances, and the wife's 62nd birthday, all preceded the hearing of this motion for modification on March 12, 1998 and thereafter the filing of briefs by counsel on March 26, 1998.
Connecticut General Statutes § 46b-86 provides in pertinent part (a) unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party
At the date of dissolution on February 28, 1989 the defendant wife's financial affidavit revealed that she had three part-time jobs with a total weekly net income of $411.87; total weekly expenses of $742.60; assets of $141,711.24 and liabilities of $6,939.20. See plaintiff's Exhibit 1. Plaintiff's Exhibit 3, the defendant wife's most recent financial affidavit of March 11, 1998, shows a total net weekly income of $461.31 from three part-time jobs, total weekly expenses of $505.93, total assets of $424,363, and total liabilities of $24,551. A comparison of the two financial affidavits reveals that the defendant wife is currently earning $49.44 more per week, has reduced her weekly expenses $236.67 and has $282,651.76 more in assets that she had at the time of the dissolution. She also reveals $17,611.80 more in liabilities than at the time of the dissolution However, it should be noted that her total present liabilities of $24,551. are comprised of the present balance owed on a home equity loan which was used by her for capital improvements to her home and the remaining $3,342 liability represents a balance due to the Town of Fairfield on a sewer lien tax which is customarily imposed for the installation of city sewers and paid over an extended period of twenty years. CT Page 8229
At the time of dissolution, the February 1, 1989 Financial Affidavit of the plaintiff-husband reflects no total weekly income as he was not employed at that time, total weekly expenses of $1780.90, assets of $402,189.12 and total liabilities of $60,996.19. See husband's Exhibit A. The husband's most recent Financial Affidavit of March 12, 1998 reflects $329.00 as net weekly income, total weekly expenses of $555.00, total liabilities of $7,398.00, and total assets of $273,757.00.
A comparison of the plaintiff-husband's Financial Affidavit of February 1, 1989, defendant's Exhibit A, and his March 12, 1998 Financial Affidavit reveals that his net weekly income has increased from 0 to $329.00 as he is currently employed; his weekly expenses have been reduced from $1780.00 to $555.00, his liabilities have been reduced from $60,996.00 to $7,398.00 and his total assets have been reduced from $402,189.00 to $273,757.00.
"Trial courts have broad discretion in deciding motions for modification.' Noce v. Noce, 181 Conn. 145, 149 (1980). Modification of alimony, after the date of a dissolution judgment, is governed by General Statutes § 46b-86 Borkowskiv. Borkowski, 228 Conn. 734 (1994); Denley v. Denley,38 Conn. App. 349, 350-51, (1995). When . . . the disputed issue is alimony, the applicable provision of the statute is § 46b-86
(a), which provides that a final order for alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Borkowski v.Borkowski, supra, 734. The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. Jaser v. Jaser, 37 Conn. App. 194, 204 (1995). The change may be in the circumstances of either party. McCann v.McCann, 191 Conn. 447, 450 (1983); see General Statutes §46b-86. The date of the most recent prior proceeding in which an alimony order was entered is the appropriate date to use in determining whether a significant change in circumstances warrants a modification of an alimony award. . . ." Crowley v.Crowley, 46 Conn. App. 87 (1997).
"In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony. . . . More specifically, these criteria, outlined in General Statutes § 46b-82, require the court to consider the needs and financial resources CT Page 8230 of each of the parties as well as such factors as the causes for the dissolution of the marriage and the age, health station, occupation, employability and amount and sources of income of the parties. Id., 736." Crowley, supra, 92.
The plaintiff-husband testified that during and after the dissolution of February, 1989, he was not employed and unable to find work. He currently lives in New Hampshire, declared a corporate bankruptcy in 1989 and received some unemployment payments thereafter. He then worked for three years from 1991 to 1994 at Marshall's, starting as a trainee and later becoming the store manager. He left Marshall's in 1994 and worked for Sims in Fairfield and in White Plains through 1996 when he was again terminated. In June of 1996 he was out of work and sought compensation benefits until he obtained employment in June of 1997 being again out of work almost a full year. He testified that he looked at approximately fifty employment situations during this period. The former husband is now 61 years of age and he remarried in 1990. He is currently living in New Hampshire where he is employed as a shoe salesman and currently makes a net weekly income of $329.00.
The defendant-wife, age 62, testified concerning the dissolution of her 30 year marriage to the plaintiff-husband. She related that she is still working at the three part-time jobs she had at the time of the 1989 dissolution and is currently earning a net weekly income of $461.31. She feels that her current health is poor but offered no details or medical confirmation. She is requesting more alimony at this time for a period which would cover from the date of the service and filing of this motion in December, 1995 to the date of her 62nd birthday on February 9, 1998. She also stated that her home now has a value of $382,000 and that she owns two cars. She further related that her 93 year old mother presently resides with her and helps pay the household expenses. On cross examination she testified that she is a joint signatory on all of her mother's accounts, has her mother's power of attorney and that she and her brother are the joint beneficiaries of her mother's trust. She admitted that her IRA account could be $70,000 rather than the $6,754.00 which she listed on her March 11, 1998 Financial Affidavit. (Plaintiff's Ex. 4) She also stated that all of her bills are current, that she has no debts other than the approximate $21,200.00 home equity loan which was used for home repairs and the addition of a deck to her present home. Her only other debt is the $3,342.00 sewer lien to the Town of Fairfield previously discussed. CT Page 8231
A comparison of the Financial Affidavits of the plaintiff, former husband, and the defendant, former wife, as of March 12, 1998, the date of this hearing, reveals that the defendant wife is earning $461.31 weekly and the defendant husband is earning $329.00 weekly, that the total weekly expenses of the defendant are $505.93 and the plaintiff's are $555.00, the wife's liabilities are $24,551.00 and the husband's liabilities are $7,398.00, the wife's assets are listed at $424,363.00, and she further admitted to understating her IRA asset by approximately $65,000 which would give her approximately $489,000.00 in assets and the husband lists $273,757.00.
With respect to alimony and or a modification of same, the law and elements thereof to be considered are stated in §§46b-82 and 46b-86 of the Connecticut General Statutes and are interpreted as follows:
"To begin with, our alimony statute does not recognize an absolute right to alimony. General Statutes § 46b-82. Thomasv. Thomas, 159 Conn. 477, 486 (1970). `This court has reiterated time and again that awards of financial settlements ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada, 179 Conn. 568, 572 (1980).
Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets, and opportunity for future acquisition of assets of each of the parties, Fucci v. Fucci, 179 Conn. 174, 179
(1979), no single criterion is preferred over all the others. In weighing the factors in a given case the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight." Valente v. Valente, 180 Conn. 528, 530-531
(1980).
The court has carefully considered all of the criteria and requirements set forth in Connecticut General Statutes §§ 46b-82
and 46b-86, as well as all other relevant statutes, the cases dealing with the subject and all of the evidence present in this particular case. The court has also considered the financial information furnished by both parties and all of the exhibits presented and finds changes in the circumstances of both parties. CT Page 8232
The financial affidavits and testimony provided by the parties clearly show that at the time of the hearing on this motion the wife was earning $132.31 weekly more than the husband and had approximately $215,000.00 more in assets. Further, her weekly expenses were less than the former husband and her only two liabilities totaling $24,551 are for a sewer lien assessment and a home equity loan, both of which are payable over an extended period of years.
The former wife has failed to demonstrate that the change in circumstances brought about by the former husband now being employed and earning $329 weekly since June, 1997, warrants an increase in the one dollar yearly alimony award when compared to her current weekly net earnings of $461.31 and her increase in assets from $141,711 at the time of dissolution in 1989 to the approximate $485,000 she showed at the time of this hearing.
The court's decision is further buttressed by the failure of the former wife to show any need for alimony. She has excellent credit, is current on all of her obligations, has no unsecured debts and approximately $485,000.00 in assets.
The Motion To Open Judgment and Modify the one dollar yearly Alimony award for the period from the date of service on December 22, 1995 to the date of the wife's sixty-second birthday on February 9, 1998 is denied and the court need not discuss the former husband's further defense that the court lacks the requisite jurisdiction to consider the motion to reopen and modify the 1989 judgment.
BALLEN, J.