## MARIA OSAKOWICZ *v.* HENRY OSAKOWICZ
## (AC 18740)

O'Connell, C. J., and Landau and Spear, Js.[1]

Argued January 24—officially released May 23, 2000

*Gayle C. Carr,* for the appellant (plaintiff).

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

O'CONNELL, C. J. The plaintiff, Maria Osakowicz, appeals from the judgment of the trial court dissolving her marriage to the defendant, Henry Osakowicz, claiming that the court improperly allocated certain of the parties' marital property in its financial orders. The plaintiff claims that the court improperly (1) found her responsible for the breakdown of the marriage, (2) ordered her to be responsible for the defendant's undisclosed credit card debts and (3) ordered disposition of jointly held real estate.[2] We reverse the judgment in part.

On August 28, 1997, the court rendered judgment dissolving the parties' nineteen year marriage and awarding custody of the two minor children to the plaintiff. The judgment also included orders providing for the allocation and distribution of the marital property, which the plaintiff challenges on appeal.

I

The plaintiff first claims that the court erroneously attributed to her responsibility for the breakdown of the marriage and, as a result, improperly penalized her in the distribution of marital assets and liabilities. We are not persuaded. A review of the court's memorandum of decision does not support this contention.

The court's memorandum of decision is unambiguous. It clearly articulated the court's conclusions as to why the parties grew apart and eventually became

---

[2] The plaintiff's appeal form indicates that the appeal was also taken from the denial of her motion for articulation. Practice Book § 66-5 provides that the "sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on [a motion for articulation] . . . shall be by motion for review under Section 66-7." Therefore, to the extent that the plaintiff attempts to appeal from the denial of her motion for articulation, that portion of her appeal is improper and consequently will not be considered by this court.

incompatible.[3] The court expressly found that the marriage broke down because of incompatibility and therefore declined to blame either party totally. We cannot construe this language in the memorandum of decision to mean that the court found the plaintiff to be responsible for the breakdown of the marriage.

Because this claim lacks a factual basis, it has no merit.

## II

The plaintiff next challenges the court's order imposing liability on her for the defendant's undisclosed credit card debts. The defendant's financial affidavit listed VISA and Getty credit card debts, and the court ordered the defendant to be solely responsible for them. The court went further, however, and ordered that "[the] plaintiff shall be liable for any other credit cards in her name *or in that of the defendant.*" (Emphasis added.) At the time of the dissolution, the parties had been separated for about two years so that neither the court nor the plaintiff had knowledge of the existence or the extent of debts on any credit cards in the defendant's name, which he failed to list on his affidavit. There was no way to quantify the magnitude of this possible debt.

It is beyond dispute that a court rendering a dissolution judgment may order one party to assume the joint

[3] The relevant part of the court's memorandum of decision is as follows:

"What seems to have caused [the breakdown of the marriage] is the change in the plaintiff's status from an immigrant without knowledge of the language to an articulate, knowledgeable woman who, in effect, changed with the change in their economic status, and a man who did not change but kept continuing in the same pattern of head of the family with total control of the family's finances.

"Consequently, the court finds that *neither party is totally to blame for the breakdown of the marriage.* The marriage broke down because of incompatibility and this is, therefore, a no fault divorce." (Emphasis added.)

liabilities of both parties. General Statutes § 46b-81 (a);[4] *Beede* v. *Beede*, 186 Conn. 191, 195, 440 A.2d 283 (1982).

It is well settled that appellate review in family relations cases is restricted to a determination of whether the trial court abused its discretion. The reviewing court is limited to consideration of two questions: Did the trial court correctly apply the law? Could the trial court reasonably have concluded as it did? *Glinsky* v. *Glinsky*, 26 Conn. App. 617, 620, 602 A.2d 1070 (1992). An appellate court will not substitute its own judgment for that of the trial court and will not disturb an order of the trial court unless there was an abuse of discretion or the trial court's findings lack a reasonable basis in the facts. *Cattaneo* v. *Cattaneo*, 19 Conn. App. 161, 166, 561 A.2d 967 (1989). In the present case, we can find nothing in the record to justify requiring the plaintiff to assume undisclosed, open-ended debt that the defendant may have incurred. Accordingly, the court's order must be reversed.

III

The plaintiff also complains that the court's financial orders concerning the future of the marital residence are inequitable. Because the court's order as to the defendant's credit card debt must be reversed; see part I of this opinion; it is not necessary that we reach the issue of the marital residence. Nevertheless, because our silence might be misconstrued as approval, we also consider this claim to determine whether the court's orders as to the marital residence properly might be

___

[4] General Statutes § 46b-81 (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the Superior Court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

repeated in a new judgment. We conclude that they cannot.

At the time of the dissolution, two of the marital assets were jointly held real estate—a condominium in Bridgeport and the marital residence in Shelton. The court awarded the Bridgeport condominium exclusively to the defendant. In an effort to assure a residence for the minor children, the court awarded the plaintiff exclusive possession of the marital residence until the youngest child's eighteenth birthday or age nineteen if he had not graduated from high school.[5] This would be three or four years from the date of the judgment.

The court accepted the value of the marital residence as $180,000 in accordance with the parties' stipulation. The plaintiff was given the right to sell the property at any time, but if she put it up for sale, the defendant had the right to purchase it for $180,000. If the property was not previously sold by the time of the youngest child's eighteenth or nineteenth birthday, the defendant could advise the plaintiff of his intent to purchase it for $180,000. If he did not so notify her, the parties would be required to put the residence up for sale under a procedure in which each party would select one real estate broker who in turn would select a third broker who would decide the sale price of the property.

The plaintiff argues that the foregoing marital property order was improper because it failed to provide an opportunity for the plaintiff to purchase the residence, it fixed the sale of the residence for the defendant at a static value and failed to provide the plaintiff with any credit for her postjudgment contributions to the mortgage or capital improvements to the property. We agree with the plaintiff. This order must be reversed.

"The issues involving financial orders are entirely interwoven. The rendering of a judgment in a compli-

---

[5] The youngest child was born November 17, 1982.

cated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) *Sunbury* v. *Sunbury*, 210 Conn. 170, 175, 553 A.2d 612 (1989). Accordingly, the judgment must be reversed except for the granting of the dissolution of marriage and the awarding of custody of the minor children.

The judgment is reversed as to the property and financial awards only and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.