[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY
The defendant has moved to modify alimony and child support alleging that there has been a substantial change in circumstances affecting his ability to pay. In the judgment dissolving the marriage, the court ordered the defendant to pay child support of $300.00 per week and alimony of $400.00 per week. The child support amount represented a deviation from the presumptive amount of $450.00 required under the Child Support Guidelines. The deviation was found to be appropriate by the court because of the amount of time each parent spent with the children. The defendant was then earning $90,000.00 from his employment as president of a business that had been in his family for three generations.
In addition, at the time of the judgment, the court awarded the defendant all of the property consisting of two trusts that had been created by his mother. The court found that "the defendant is the beneficiary of an irrevocable trust which, in turn, is the beneficiary of an IRA with a principal value of approximately One million, one hundred and fifty thousand ($1,150,000.00) dollars."
In January, 2000, the defendant suffered a loss of the entire sum that he had been earning when the family business failed. That loss was not voluntary. To the contrary, the defendant clearly loved his job and his company. Accordingly, there has been a substantial change in the circumstances of the parties justifying the consideration of a modification of both child support and alimony. CT Page 13157
The children of the parties have enjoyed since the judgment a split custody arrangement affording them substantial quality time with both their parents. The defendant recognizes the desirability of the children having approximately similar financial circumstances with both of their parents, and that is a factor that the court has considered. Unfortunately, it is a goal that will not be able to be fully accomplished, partly because of the new financial circumstances and partly because of the plaintiff's decision to move in the near future.
The principle difference between the parties is that the plaintiff believes the trusts can either be compelled, or the income from them can be used, to pay the child support and alimony, while the defendant does not. The value of the trusts has not changed substantially since the date of the judgment.
The Margaret B. Spencer Irrevocable Trust ("Irrevocable Trust") created two separate trusts for her children, one of whom is the defendant, an exempt and a nonexempt trust. They provide:
 The Trustee shall pay to or for the benefit of the child [defendant], during his or her life, so much of the annual net income from the child's Exempt Trust as the Trustee deems necessary for the child's most comfortable maintenance and support and so much of the principal, even to the exhaustion thereof, as the Trustee deems necessary for the child's health. Subject to the needs of the child and with prior written consent of the child, the Trustee shall pay to or for the benefit of the child's descendants . . . so much of the remaining annual net income and principal as the Trustee deems necessary and advisable for their education, health, maintenance and support.
The exempt and non-exempt trusts are beneficiaries of the Irrevocable Trust, which is, in turn, the beneficiary of an Individual Retirement Account ("IRA").[1] The Irrevocable Trust receives annually as income the required minimum distribution from the IRA required by law. The Irrevocable Trust has received more than the required minimum distribution in recent years to pay private school tuition and other expenses for the two older children. This is consistent with the provisions of the trusts that principal can be used for the education, health, maintenance and support of the settlor's grandchildren.
The first issue is to determine the income from the two trusts. Under the scheme established by the defendant's mother, the IRA pays its income and required minimum distributions to the Irrevocable Trust. The income CT Page 13158 received from the IRA provides the corpus of the exempt and non-exempt trusts. From this corpus, the trusts themselves realize the income that is available to fulfill the stated purpose of the trusts.
The assets of the non-exempt trust are made up almost entirely by a house in which the defendant lives, a fact which does not implicate any change of circumstances since the divorce. As a result, that trust realizes very little income. It sometimes receives additional principal from the IRA, but those additions to the corpus have been used primarily to pay for the children's educational expenses or for improvements to the house. The trust is able to invade principal for the children's educational expenses. For purposes of alimony and child support, payments for the children's education and improvements to the house cannot be considered income from the trust to the defendant.[2]
Between the date of dissolution and August, 2000, the exempt trust paid the defendant $2,500.00 per month from its income. Although the sum received by the defendant from the prior trustee appears to exceed the sum generated by the exempt trust as income, the plaintiff did not establish the reason for that. A new trustee has been appointed and has indicated that there is insufficient income to continue the practice of paying the defendant $2,500.00 per month. There is no evidence of what amount the defendant will receive, but the trust documents make clear that he is not to receive more than the collective income of the exempt and non-exempt trusts except for purposes permitting the invasion of principal.
The income from the trusts to Mr. Spencer is insufficient to fund his current obligation for child support and alimony. The fact that the IRA earns income and may appreciate (or depreciate) in value during any given year is not relevant to the determination of the defendant's alimony obligation.
First, the court that decided the divorce had before it all of the relevant trust documents and income statements. The defendant was awarded the trust as part of the property settlement. Profits from an asset received as part of a property settlement are not income for purposes of determining whether there has been a substantial change in circumstances. Denley v. Denley, 38 Conn. App. 349, 353-54 (1995).
Secondly, the proceeds of the IRA, whether by interest or dividend income or by virtue of an appreciation, simply increase its value as an asset of the trusts. Its required distributions to the trusts become the trusts' corpus, not their income, and the trustee cannot invade that corpus except to provide for the defendant's health or for specified purposes benefitting [benefiting] his children. CT Page 13159
The defendant's continuing unemployment is troubling. On the one hand, it is justified by the fact that he is still engaged, albeit without compensation, in wrapping up the affairs of his heavily indebted company and by the fact that there are no jobs in his industry in the immediate area.[3] On the other hand, he cannot continue indefinitely to charge his ex-wife or children with the consequences of his loss of employment. However, there is no evidence as to his present earning capacity. The court finds, however, that it is not less than the sum of $30,000.00 he had been receiving as direct income from the trust.
The plaintiff's situation is equally troubling. Her testimony regarding her own income was lacking in credibility. However, it is clear that she is not employed at her earning capacity. She is able to earn approximately $100.00 per week from the trading she does in used items, but does not report these transactions for tax purposes. She earns approximately $276.00 per week in her current job based on a twenty-four hour work week, and has the ability to earn an additional $37.00 in a prior job which she can still perform. If she were to continue her trading and to work a forty hour week, her earning capacity would be, and the court finds that it is, $560.00 per week.
In making its orders, the court has considered relevant statutory criteria, case law, and child support guidelines.
The defendant's presumptive child support obligation under the child support guidelines is $187.00 per week. The shared custody arrangement justifies a substantial deviation. Child support will therefore be ordered at $125.00 per week for the three children.
Alimony will be reduced to $1.00 per year but is not otherwise modified.
The defendant will make a reasonable search for employment in the area, and will immediately notify the plaintiff when he finds work, informing her of the name of the employer and the terms and conditions of his compensation.
These orders are retroactive to March 1, 2000. The defendant is in arrears to the plaintiff in the amount of $1,700.00. The defendant is entitled to a credit of $21,875.00 ($14,000.00 alimony and $7,875.00 child support) less the $1,700.00. He shall be entitled to deduct from his income taxes any amount of alimony actually paid less any amount of refund actually received for the 2000 tax year. He shall deduct the sum of $50.00 per week from his child support payment toward the credit until this order is modified or until the full overpayment has been repaid. The first two hundred and eighty weeks of the $50.00 deduction shall be CT Page 13160 attributable to overpayment of alimony, and the remaining weeks shall be attributable to child support.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.