MARINA L. LEFEBVRE *v.* JEFFREY A. LEFEBVRE
(AC 22323)

Flynn, West and Hennessy, Js.

Argued November 19, 2002—officially released March 25, 2003

*Jeffrey A. Lefebvre,* pro se, the appellant (defendant).

*Richard F. Paladino,* for the appellee (plaintiff).

*Opinion*

HENNESSY, J. The defendant, Jeffrey A. Lefebvre, appeals from the postdissolution judgment of the trial court denying his motion for a reduction of child support payments and granting the motion of the plaintiff, Marina L. Lefebvre, to increase his child support payments. The defendant claims that the court improperly

(1) found a substantial change in circumstances warranting a modification increasing child support payments and (2) denied him a deviation from the child support guidelines. We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. The marriage of the parties was dissolved on December 15, 1994, on the basis of irretrievable breakdown. An agreement between the parties was incorporated and made part of the judgment of dissolution. The agreement stated that the parties would share joint legal custody of their two minor children and provided a visitation schedule for the defendant. In addition, the defendant was ordered to pay $200 each week as support for the two children.

On June 5, 2001, the defendant filed a motion to modify, requesting a decrease in the amount of the child support order. On July 16, 2001, the parties reached an agreement concerning a new visitation schedule, and that agreement was ordered by the court. The parties still disagreed on child support payments, and on July 16, 2001, the plaintiff filed a motion to modify, requesting that the support payments be brought into conformity with child support guidelines and any applicable deviations. The plaintiff's motion was granted, and the child support payment was modified to $296 per week. The defendant's motion was denied and this appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly found a substantial change in circumstances warranting an increase in child support. "General Statutes § 46b-86 governs the modification or termination of an alimony or support order after the date of a dissolution judgment." *Borkowski* v. *Borkowski*, 228 Conn. 729,

734, 638 A.2d 1060 (1994). Pursuant to § 46b-86, the disputed order may be modified on a showing of a substantial change in the circumstances of the parties.[1]

"A trial court is endowed with broad discretion in domestic relations cases. Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did." (Internal quotation marks omitted.) *Denley* v. *Denley*, 38 Conn. App. 349, 351, 661 A.2d 628 (1995).

On July 16, 2001, the court was presented with evidence, including financial affidavits and child support guidelines worksheets, as submitted by the parties. The worksheets were based on the child support and arrearage guidelines (guidelines) prepared by the state of Connecticut commission for child support guidelines (commission). See General Statutes § 46b-215a.

The court found that from December 15, 1994, when the parties' marriage was dissolved and the initial support orders were rendered, to July 16, 2001, the date the latest financial affidavits were submitted to the court, there was a significant change in the financial circumstances of the parties. The court found that the plaintiff's net weekly income had risen from $430.33 to $545 and that the defendant's net weekly income had risen from $778.34 to $1093. The court further found that the plaintiff's weekly expenses had risen from $739.19 to $1077.25 and that the defendant's expenses had risen from $569.43 to $866. Under the circumstances as found by the court, the plaintiff's net income rose $114.67 per week and her weekly expenses rose

---

[1] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

$338.06, while the defendant's weekly net income rose $314.66 and his weekly expenses rose $296.57. We conclude that the court did not abuse its discretion in finding that there had been a substantial change in circumstances allowing the court to modify the support orders.

The parties also submitted to the court a child support guidelines worksheet in connection with the requirements of General Statutes § 46b-215b.[2] The parties agreed that the child support award to the plaintiff for the two minor children under the guidelines would be $283 per week plus an additional $13 for day care expenses for a total of $296 per week. That would result in the plaintiff's receiving an increase in child support of $96 per week and would be the presumptive support amount under the guidelines. The defendant claims, however, that the plaintiff submitted to the court a child support guideline sheet containing significant errors that resulted in the improper calculation of support obligations.[3]

If the defendant's assumptions and calculations are correct, the plaintiff was entitled to a variety of credits and deductions that would have resulted in less income tax being paid, thereby resulting in the plaintiff's having more available income for support of the children. In

[2] General Statutes § 46b-215b (a) provides in relevant part: "The child support and arrearage guidelines . . . issued . . . shall be considered in all determinations of child support amounts . . . . In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support . . . to be ordered. . . ."

[3] That argument was presented by the defendant as the third issue in the statement of issues in his principal brief. That issue states: "Whether the child support guideline worksheet submitted to the trial court by the plaintiff contained significant errors that resulted in the improper calculation of support obligations?" We will address it in this section of our opinion because it involves facts found by the court in determining whether there was a significant change in financial circumstances.

addition, the defendant claims that he incorrectly overstated his net income on the guidelines worksheet submitted to the court. He claims that the combination of those errors changes significantly the respective child support obligations of the two parties.

Specifically, the defendant claims that any income from the plaintiff's yearly tax return should be considered when calculating net income for the purposes of determining child support payments.

It is well settled that a court must utilize net income of the parties, not gross income, to determine the amount of child support payments. See *Morris* v. *Morris*, 262 Conn. 299, 306, 811 A.2d 1283 (2003). According to § 46b-215a-1 (17) of the Regulations of Connecticut State Agencies, net income is "gross income minus allowable deductions." Allowable deductions include "federal, state, and local income taxes, based upon *all allowable* exemptions, deductions and credits . . . ." (Emphasis added.) Regs., Conn. State Agencies § 46b-215a-1 (1) (A). The defendant has not alleged that the plaintiff is claiming deductions, exemptions or credits that are not allowed.

The defendant urges this court to use its discretion to correct the previously mentioned errors and that the respective support obligations of the parties be adjusted accordingly.

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Morris* v. *Morris*, supra, 262 Conn. 305.

The plaintiff argues that the defendant waived his argument concerning the child support calculation when he agreed that $296 per week was the correct figure according to the guidelines. Even if the defendant's claim was not waived, he cannot prevail. Absent an allegation of an effort to manipulate her income tax situation to minimize her weekly net income for the purposes of determining child support payments, a deviation from the guidelines' definition of net income is not appropriate. In this case, the parties submitted the child support guidelines worksheets, and both agreed that under the guidelines, the child support payment would be $283 per week plus $13 for child care, thereby equaling $296 per week. That finding is supported by the facts, and the court reasonably could have found that the parties' calculations, which were based on the guidelines, were correct. This court will not change the orders of the court on the basis of the defendant's assumptions, calculations and omissions.

## II

The defendant next claims that the court improperly failed to grant him a deviation from the child support guidelines. Section 46b-215a-3 (a) of the Regulations of Connecticut State Agencies provides that the support and child care contribution amounts calculated under the child support guidelines "are presumed to be the correct amounts to be ordered. . . ." Those amounts may be rebutted, however, "by a specific finding on the record that such an amount would be inequitable or inappropriate in a particular case. . . ." Regs., Conn. State Agencies § 46b-215a-3 (a).[4] The commission has

[4] Section 46b-215a-3 (a) of the Regulations of Connecticut State Agencies provides in relevant part: "The current support, health care coverage contribution, and child care contribution amounts calculated . . . under section 46b-215a-4a of the Regulations of Connecticut State Agencies, are presumed to be the correct amounts to be ordered. The presumption regarding each such amount may be rebutted by a specific finding on the record that such amount would be inequitable or inappropriate in a particular case. Any such finding shall state the amount that would have been required under such

stated that "[t]he quantitative guidance consists of a requirement that a finding of shared physical custody be made only where the noncustodial parent exercises visitation or physical care and control of the child for periods *substantially in excess of* a normal visitation schedule. . . . The intent of this definitional change, therefore, is to permit deviation from presumptive support amounts only when the noncustodial parent exercises visitation or physical care and control of the child for periods that substantially exceeds this typical schedule." Child Support and Arrearage Guidelines (1999) preamble, § (h) (4), p. viii. According to the guidelines, a typical visitation schedule consists of "two overnights on alternate weekends; alternate holidays: some vacation time; and other visits of short duration, which may occasion an overnight stay during the week." Id. According to the visitation schedule agreement reached by the parties and ordered by the court, the defendant is allowed four nights visitation during the first week and two nights visitation during the second week.[5]

The defendant alleges that the new visitation schedule warrants a finding of shared physical custody. The court rejected that claim and stated that "the defendant's visitation schedule does not substantially exceed the typical schedule." The commission has stated that the guidelines "avoided a 'bright-line' definitional test as well as a formula approach to shared custody situa-

---

sections and include a justification for the variance. Only the deviation criteria described in this section establish sufficient bases for such findings."

[5] The agreement provides: "Week One—Father shall have visitation from Friday at 9:00 a.m. until Tuesday at 9:00 a.m.;

"Week Two—Father shall have visitation from Sunday at 6:00 p.m. through Tuesday at 9:00 a.m. This schedule shall alternate from week to week except as provided in the 'Holiday Schedule' outlined in the judgment dated December 15, 1994."

The parties' original agreement dated December 15, 1994, provides in relevant part: "The husband shall have visitation from Friday at 9:00 a.m. until Sunday at 5:00 p.m. during week one and shall have visitation from Sunday at 5:00 p.m. through Tuesday at 9:00 a.m."

tions to discourage disputes over time-sharing as a means of impacting support amounts. The commission believes that the approach adopted in these regulations leaves sufficient room for the exercise of judicial discretion while at the same time providing a measure of predictability for the parties." Id. This court will not establish a bright line standard for deviation from the guidelines and will reverse the court's determination only when that determination constitutes an abuse of discretion. Although the trial court arrived at a liberal interpretation of the regulation when it found that the defendant's parenting time was not substantially in excess of a normal visitation schedule, we cannot say that the court abused its broad judicial discretion.

In addition, the defendant is required to prove more than shared physical custody. The defendant is required to demonstrate a visitation schedule that exceeds the typical visitation rights, *and* the defendant would be required to prove that a deviation from the guidelines would be warranted.[6] Section 46b-215a-3 (b) (6) (A) of the Regulations of Connecticut State Agencies provides that a deviation is warranted *only* when the arrangement substantially increases or decreases a parent's financial obligation.[7]

---

[6] The guidelines provide for numerous other circumstances and exceptions, absent a shared physical custody situation, that would allow a deviation, such as extraordinary expenses for the care and maintenance of the child. See Regs., Conn. State Agencies § 46b-215a-3. The defendant has not cited any of those exceptions as applicable to his claim for a deviation from the guidelines and, therefore, we address only the exception warranted under shared physical custody situation.

[7] Section 46b-215a-3 (b) (6) (A) of the Regulations of Connecticut State Agencies provides: "When a shared physical custody arrangement exists, deviation is warranted only when:

"(i) Such arrangement substantially reduces the custodial parent's, or substantially increases the noncustodial parent's, expenses for the child; and

"(ii) Sufficient funds remain for the parent receiving support to meet the basic needs of the child after deviation."

The commission's commentary on visitation in the regulations states: "Under this new definition of shared physical custody, courts and other officials will continue to determine what precise level of sharing is sufficient to warrant a deviation from presumptive support amounts." Child Support and Arrearage Guidelines (1999) preamble, § (h) (4), p. viii. The court found that the defendant's visitation schedule does not substantially exceed the typical schedule and, therefore, a deviation was not appropriate.

In addition, the court found that the increased visitation schedule the parties agreed on does not substantially reduce the plaintiff's expenses for the children, nor does it substantially increase the expenses for the defendant.[8] The defendant argues that the court's ordering him to pay child support as required under the guidelines means that the plaintiff would receive more money, thereby substantially reducing her expenses for the children. We do not find his argument persuasive.

The increase in child support came about as a result of a substantial change in the financial circumstances of the parties, thereby requiring an application of the guidelines, and not as a result of increased expenses resulting from a change in visitation that was substantially in excess of normal visitation. The defendant did not present evidence that the plaintiff's expenses were reduced other than to make a general assertion that more time spent in the defendant's home would result in decreased expenses for the plaintiff. The defendant even testified that it appeared that the plaintiff's expenses had not decreased since the original agreement. We conclude that the court properly denied

---

[8] The new visitation agreement provides that the defendant will have approximately one full day and two evenings every two weeks in addition to those visitation hours that were stated in the original agreement. See footnote 5.

the defendant a deviation from the child support guidelines.

The judgment is affirmed.

In this opinion the other judges concurred.