# ELISA R. GORTON *v.* DEAN J. GORTON
## (AC 23902)

Schaller, DiPentima and McLachlan, Js.

Submitted on briefs September 19—officially released October 21, 2003

*Howard C. Eckenrode* filed a brief for the appellant (defendant).

*Irving H. Perlmutter* filed a brief for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant, Dean J. Gorton, appeals from the trial court's denial of his motion to modify an order requiring him to pay alimony and child support to the plaintiff, Elisa R. Gorton, from whom he is legally separated. On appeal, the defendant claims that the court improperly (1) declined to find that a substantial change in circumstances existed so as to warrant a modification of the alimony and support payments, and (2) declined to modify the support payments where the amount ordered improperly deviated from the child support guidelines. We affirm the judgment of the trial court in part and reverse it in part, and remand the case for further proceedings.

The record reflects that when the court entered a decree of legal separation in February, 1999, it incorporated into its decree a written agreement between the parties that provided, inter alia, that each week the defendant would make alimony and child support payments to the plaintiff. At the time of the separation, there were two minor children born of the marriage.

The defendant filed a motion to modify the payments in October, 2002. He argued in support of the motion, and the evidence adduced at the hearing on the motion demonstrated that since the time of the court's original separation orders, his income had decreased from approximately $1250 per week to $1209 per week and that the plaintiff's income had increased from approximately $71 per week to $579 per week.

General Statutes § 46b-86 (a) provides in relevant part that "[u]nless and to the extent that the decree

precludes modification . . . any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines . . . ." "The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Internal quotation marks omitted.) *Santoro* v. *Santoro*, 70 Conn. App. 212, 218–19, 797 A.2d 592 (2002). We review the trial court's ruling on a motion to modify, mindful that "[a] trial court is endowed with broad discretion in domestic relations cases. Our review of such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did." (Internal quotation marks omitted.) *Lefebvre* v. *Lefebvre*, 75 Conn. App. 662, 664, 817 A.2d 750, cert. denied, 263 Conn. 921, 822 A.2d 243 (2003).

In its oral ruling on the motion, the court stated that the agreement between the parties reflected "much time and effort," and that they had entered into the agreement fairly with the benefit of having been represented by competent counsel. The court heard the plaintiff testify that she began earning higher wages after the separation decree and that she was pursuing her master's degree in the hope of earning higher wages in the future. The court found that the plaintiff was "able-bodied and intelligent," and that the parties, at the time that they entered into the separation agreement, had to have had some thought that the plaintiff would "go out and go to work . . . and [try] to better herself . . . ." The court rejected the defendant's argument that the plaintiff's increase in income reflected a substantial change in circumstances because it determined that the

plaintiff's actions in that regard were not unanticipated; it was reasonable to infer that the defendant had entered into the agreement knowing that the plaintiff would likely do what "most people do" in a similar situation, namely, attempt to better their financial situation.

The court also stated that the agreement itself reflected the parties' thoughts about future events in that the agreement provided for an increase in alimony and support payments when the defendant's wages increased. Further, the court stated that the decrease in the defendant's gross income was not "substantial" and that since the time of the separation decree, the alimony payment already had been decreased by operation of the agreement.

Having reviewed the evidence adduced in support of the motion to modify, we conclude that the court properly determined that the defendant failed to demonstrate that circumstances had changed substantially, as far as the modification of alimony was concerned. "This court may reject a factual finding if it is clearly erroneous . . . . This court, of course, may not retry a case. . . . The factfinding function is vested in the trial court with its unique opportunity to view the evidence . . . including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court." (Internal quotation marks omitted.) *D'Ascanio* v. *D'Ascanio*, 237 Conn. 481, 487, 678 A.2d 469 (1996).

We likewise reject the defendant's claim that the court improperly held that the terms of the parties' written separation agreement precluded him from seeking any modification in payments. The court properly

evaluated the evidence adduced in support of the defendant's claim that a substantial change in circumstances existed for purposes of § 46b-86 (a). The court properly looked to the terms of the unambiguous agreement between the parties as evidence of their intent. The court characterized the agreement as "thorough" and properly recognized that the agreement, while providing for a modification in payments in the event that the defendant's income increased and while providing that the defendant would make payments decreasing in amount and only for specific periods of time, provided no authority for a modification in payments in the event that the plaintiff's income increased.

The court properly determined that a substantial change in circumstances did not exist and that the terms of the parties' separation agreement did not provide the defendant with a contractual basis for seeking a modification of the alimony payments. The court's decision with regard to the issue of modification of alimony reflects a sound exercise of its discretion.

Apart from claiming that a substantial change in circumstances warranted a modification in the order for child support payments, the defendant also argued that a modification was warranted because the order for child support payments substantially deviated from the child support guidelines. As previously stated, § 46b-86 (a) governs the modification of child support payments. The statute provides that a court may modify a final order for the periodic payment of child support on a showing that there is (1) a substantial change in the circumstances of either party *or* (2) a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to General Statutes § 46b-215a, absent the requisite findings that following such guidelines would be inequitable or inappropriate. Section 46b-86 (a) further provides in relevant part that "[t]here shall be a rebuttable presump-

tion that . . . any deviation of fifteen per cent or more from the guidelines is substantial. . . ." General Statutes § 46b-86 (a).

General Statutes § 46b-215b (a) provides in relevant part: "The child support and arrearage guidelines . . . shall be considered in all determinations of child support amounts . . . within the state. In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support . . . to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under section 46b-215a, shall be sufficient to rebut the presumption in such case."

Previously, we upheld the court's determination that there had not been a substantial change in the circumstances of either party so as to warrant a modification of alimony payments. The defendant also testified, at the hearing on his motion to modify, that he wanted the court to reduce his weekly child support payment from $400, the amount he agreed to pay in the separation agreement, to $307, the amount that he argued is recommended in the child support guidelines. Further, in his brief to this court, the defendant argues that under the current order, he is paying "almost 27 percent" more than the amount recommended under the guidelines, that this deviation is substantial and that the court should have reduced the support order on that basis.

On the basis of the financial affidavits submitted by the parties, it appears that the amount of support ordered does deviate substantially from the amount set forth in the guidelines. The court, however, did not address that issue in its decision and, consequently, did not make the findings required by §§ 46b-86 and 46b-

215b with regard to any deviation from the amount set forth in the guidelines. The court should have *considered* the guidelines in ruling on the defendant's motion. Further, it should have considered modifying the child support order on the basis of any substantial deviation from the amount set forth in the guidelines. The proper remedy is to reverse the judgment in that regard and to remand the case to the trial court for a consideration of the factors mandated by the guidelines. See *Turner* v. *Turner*, 219 Conn. 703, 708, 595 A.2d 297 (1991).

The judgment with regard to the child support payments is reversed and the case is remanded with direction to consider the order for child support payments in relation to the child support guidelines and to make any necessary findings related to that issue. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.