SIRI A. KORSGREN *v.* SAMUEL H. JONES
(AC 28021)

Gruendel, Beach and Borden, Js.

Argued April 14—officially released June 17, 2008

*Samuel H. Jones*, pro se, the appellant (defendant).

*Leslie I. Jennings-Lax*, with whom was *Elizabeth Jennings-Lax*, for the appellee (plaintiff).

GRUENDEL, J. The pro se defendant, Samuel H. Jones, appeals from the judgment of the trial court setting his child support obligation. He claims that the court (1) failed to file its decision in a timely manner pursuant to General Statutes § 51-183b, (2) abused its discretion in denying his motion for reargument, (3) improperly applied *Lefebvre* v. *Lefebvre,* 75 Conn. App. 662, 817 A.2d 750, cert. denied, 263 Conn. 921, 822 A.2d 243 (2003), (4) incorrectly found that his expenses had not increased substantially as a result of the shared parenting plan agreed to by the parties and (5) incorrectly found that no extraordinary disparity existed between the parties' respective incomes.[1] We affirm the judgment of the trial court.

The relevant facts are as follows. The defendant and the plaintiff, Siri A. Korsgren, married in 1999. On August 5, 2000, their son was born. Following the subsequent breakdown of their marriage, the parties entered

---

[1] The defendant also claims, for the first time on appeal, that the separation agreement entered into by the parties is unenforceable. Specifically, he contends that, in rendering the judgment of dissolution, the court failed to make explicit findings on the record in deviating from the child support guidelines. The defendant did not appeal from the January 8, 2004 judgment of dissolution that incorporated the parties' separation agreement. Moreover, he did not raise this claim before the trial court as part of his various motions concerning his child support obligation. "It is well established that claims that have not been properly raised at trial are not reviewable by [an appellate] court. . . . [I]t is the function of the trial court, not [an appellate] court, to find facts. . . . [T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Citation omitted; internal quotation marks omitted.) *Intercity Development, LLC* v. *Andrade,* 286 Conn. 177, 187–88, 942 A.2d 1028 (2008); see also Practice Book § 60-5. Accordingly, we decline to review that claim.

We also are compelled to note that the defendant's appellate brief raises the specter of gender bias. Although not separately briefed, the defendant does state that "this appeal would not be necessary if the defendant were female." Our thorough review of the record indicates that his accusation is completely unfounded.

into a separation agreement (agreement) that, after an uncontested hearing, the court incorporated into its judgment of dissolution. Pertinent to this appeal is § 3.2 of the agreement, which provides: "Commencing on the [defendant's] commencement of employment, and retroactive to the date of commencement of employment, the [defendant] shall pay child support to the [plaintiff]. The parties shall attempt to agree on a reasonable child support payment in accordance with the then existing [c]hild [s]upport [g]uidelines, if any. In the event the parties are unable to reach an agreement with respect to said child support payment, this issue shall be referred to the Superior Court at Stamford, Connecticut for a binding determination. The parties agree that a contingent wage withholding order shall issue to secure said obligation. Said obligation to support the child shall cease when the child attains age eighteen (18), or if the child is still attending high school when he attains age eighteen, support shall continue until the child has completed his high school education or attained age nineteen (19), dies or is emancipated, whichever event shall first occur." The court rendered judgment of dissolution on January 8, 2004. Neither party appealed from that judgment.

Pursuant to § 3.2 of the agreement, the defendant on August 31, 2004, filed a "motion to set child support—postjudgment." Following a series of continuances, the court held a hearing on the motion on April 20, 2006. In its May 10, 2006 memorandum of decision, the court found that the defendant became employed as a teacher in August, 2004. Although there had been a temporary lapse of employment, the court found that the lapse was voluntary and applied the earning capacity principle to that time period in calculating the defendant's child support obligation. The court noted that the defendant claimed that because he shared physical custody of the

child, he was entitled to a deviation from the presumptive support amount under the child support guidelines. The court found that the arrangement between the parties, "although not fifty-fifty, is clearly a shared custody." The court further found that the defendant's expenses had not substantially increased and that the plaintiff's expenses had not substantially declined. It therefore concluded that a deviation from the guidelines was inappropriate. The court fixed child support at $110 per week and ordered him to pay an additional $22 per week until a calculated arrearage of $10,150 was paid in full.

On May 17, 2006, the defendant filed a motion for reargument of the court's child support order, which the court denied without comment. On June 30, 2006, the defendant filed a motion for clarification of the court's ruling on the motion for reargument, which the court also denied. On December 6, 2006, the defendant filed a motion for articulation. In its brief reply to that motion, the court stated that in applying § 46b-215a-3 (b) (6) (B) of the Regulations of Connecticut State Agencies, "[t]he evidence did not indicate that there was an 'extraordinary disparity' between the [parties'] net incomes." This appeal followed.

Before considering the defendant's specific claims, we first note the standard of review applicable in domestic relations matters. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Thus, unless the trial court applied the wrong standard of law, its decision is accorded great deference because the trial court is in an advantageous position to assess

the personal factors so significant in domestic relations cases. . . .

"With respect to the factual predicates for modification of an alimony award, our standard of review is clear. This court may reject a factual finding if it is clearly erroneous, in that as a matter of law it is unsupported by the record, incorrect, or otherwise mistaken. . . . This court, of course, may not retry a case. . . . The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Doody* v. *Doody*, 99 Conn. App. 512, 516–17, 914 A.2d 1058 (2007).

I

The defendant first contends that the court failed to file its decision in a timely manner pursuant to § 51-183b. That claim requires little discussion. Section 51-183b provides in relevant part that "[a]ny judge of the Superior Court and any judge trial referee who has the power to render judgment, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. . . ." In the present case,

the court rendered judgment on the defendant's motion to set child support on May 10, 2006, less than one month after the April 20, 2006 hearing thereon. It therefore complied with the mandate of § 51-183b.

## II

The defendant next claims that the court abused its discretion in denying his motion for reargument. "We review claims that the court improperly denied a motion for reargument under the abuse of discretion standard. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness." (Citation omitted; internal quotation marks omitted.) *Murray* v. *Murray*, 65 Conn. App. 90, 102, 781 A.2d 511, cert. denied, 258 Conn. 931, 783 A.2d 1029 (2001).

The defendant claims that the court abused its discretion in denying his motion for reargument because the court failed to consider § 46b-215a-3 (b) (6) (B) of the regulations.[2] That argument is undermined by the court's express reference to § 46b-215a-3 (b) (6) (B) and its corresponding finding in its articulation that "[t]he evidence did not indicate that there was an 'extraordinary disparity' between the [parties'] net incomes." The court did not abuse its discretion in denying reargument.

## III

The defendant also claims that the court improperly applied *Lefebvre* v. *Lefebvre*, supra, 75 Conn. App. 662.

---

[2] Section 46b-215a-3 (b) (6) of the Regulations of Connecticut State Agencies provides in relevant part that "[i]n some cases, there may be special circumstances not otherwise addressed in this section in which deviation from presumptive support amounts may be warranted for reasons of equity. Such circumstances are limited to the following. . . . (B) . . . When the custodial parent has high income, resulting in an extraordinary disparity between the parents' net incomes, it may be appropriate to deviate from presumptive support amounts . . . ."

Specifically, he maintains that because *Lefebvre* "is not at all analogous to the facts in this case," the court should not have "cit[ed] this case as an authority." Because it presents a question of law, our review of the defendant's claim is plenary. Thus, "[w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *In re Jonathan M.*, 255 Conn. 208, 217, 764 A.2d 739 (2001).

In *Lefebvre*, this court discussed deviations from the child support guidelines in the context of a claim of shared physical custody by the defendant father. We explained: "[T]he defendant is required to prove more than shared physical custody. The defendant is required to demonstrate a visitation schedule that exceeds the typical visitation rights, *and* the defendant would be required to prove that a deviation from the guidelines would be warranted. Section 46b-215a-3 (b) (6) (A) of the [r]egulations . . . provides that a deviation is warranted *only* when the arrangement substantially increases or decreases a parent's financial obligation." (Emphasis in original.) *Lefebvre* v. *Lefebvre*, supra, 75 Conn. App. 669. In its memorandum of decision, the court here found that "[t]he evidence presented did not convince the court that a substantial reduction occurred in the plaintiff's expenses for the child. It must also be determined if a substantial increase in the defendant's expenses for the child resulted from the shared custody. The court cannot conclude that the [defendant's] expenses have substantially increased. The court concludes that a deviation is not appropriate." It then provided a citation to *Lefebvre* in support thereof.

We conclude that the court properly relied on that precedent in considering the defendant's claim that his shared physical custody justified a deviation from the

child support guidelines. *Lefebvre* is one of few appellate decisions addressing such a claim. Furthermore, the fact that *Lefebvre* may be factually distinguishable from a given case does not negate the precedential value of its analysis of § 46b-215a-3 (b) (6) (A). Accordingly, the defendant's claim fails.

IV

The defendant next argues that the court incorrectly found that his expenses had not increased substantially as a result of the shared parenting plan agreed to by the parties. We review that claim under the clearly erroneous standard. See *Doody* v. *Doody*, supra, 99 Conn. App. 516–17.

As this court emphasized in *Lefebvre*, § 46b-215a-3 (b) (6) (A) of the regulations provides that a deviation is warranted only when the shared parenting arrangement substantially increases or decreases a parent's financial obligation.[3] *Lefebvre* v. *Lefebvre*, supra, 75 Conn. App.

---

[3] In his reply brief, the defendant suggests that we should apply the "explicit definition of 'substantial' " allegedly contained in General Statutes § 46b-86 (a). That statute provides in relevant part that "the court may order either party to maintain life insurance for the other party or a minor child of the parties or any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . ." General Statutes § 46b-86 (a).

The defendant misreads the statute, which addresses a 15 percent deviation from the child support guidelines, not a 15 percent change in income or expenses of a party. Section 46b-215a-3 (b) (6) of the regulations makes no reference to § 46b-86 (a), and the defendant has provided no analysis as to its applicability to that regulation. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . We will not review claims absent law and analysis." (Internal quotation marks omitted.) *Collins* v. *Anthem Health*

669. In the present case, the court reviewed financial affidavits submitted by both parties. The defendant's November 14, 2003 financial affidavit indicated weekly expenses of $690, his October 27, 2004 financial affidavit indicated weekly expenses of $991, and his May 19, 2005 financial affidavit indicated weekly expenses of $886. At the April 20, 2006 hearing on the motion to set child support postjudgment, the defendant submitted a financial affidavit indicating $928 in weekly expenses. In light of that evidence, the court reasonably could have concluded that the defendant's expenses had not substantially increased.

The court also had before it the plaintiff's August 23, 2004 and May 5, 2005 financial affidavits, which listed weekly expenses of $1219 and $1301, respectively. In addition, the plaintiff testified that her January 8, 2004 financial affidavit that was filed with the court at the time of the uncontested hearing indicated weekly expenses of $1179. On that evidence, the court reasonably could have found that the plaintiff's expenses had not substantially decreased. As a result, the court did not abuse its discretion in concluding that a deviation from the guidelines was unwarranted under § 46b-215a-3 (b) (6) (A) of the regulations.

V

The defendant's final claim is that the court incorrectly found that no extraordinary disparity existed between the parties' respective incomes. Like the previous claim, we review it under the clearly erroneous standard.

Section 46b-215a-3 (b) (6) (B) of the regulations permits the trial court, at its discretion, to deviate from

---

*Plans, Inc.*, 266 Conn. 12, 54, 836 A.2d 1124 (2003). In addition, "[i]t is a well established principle that arguments cannot be raised for the first time in a reply brief." (Internal quotation marks omitted.) *State* v. *Lopez*, 280 Conn. 779, 816 n.25, 911 A.2d 1099 (2007). We decline to further address the defendant's claim.

the guidelines when it finds an "extraordinary disparity" between the parents' net incomes. See footnote 2. The defendant did not allege an extraordinary disparity in parental income either in his motion to set child support or at the April 20, 2006 hearing. Rather, he raised that issue for the first time in his motion for reargument. During the April 20, 2006 hearing, the defendant claimed a deviation solely based on the shared custody. Nevertheless, in its response to the defendant's motion for articulation, the court, referencing § 46b-215a-3 (b) (6) (B), found that "[t]he evidence did not indicate that there was an 'extraordinary disparity' between the [parties'] net incomes."

By the regulation's plain language, application of the "special circumstances" delineated in § 46b-215a-3 (b) (6) is left to the sound discretion of the trial court. It provides that in certain circumstances, "deviation from presumptive support amounts may be warranted for reasons of equity. . . ." Section 46b-215a-3 (b) (6) (B) similarly provides in relevant part that "[w]hen the custodial parent has high income, resulting in an extraordinary disparity between the parents' net incomes, it may be appropriate to deviate from presumptive support amounts . . . ."

The question of whether a disparity in income is extraordinary is an infrequent one in our decisional law. In *Lusa* v. *Grunberg*, 101 Conn. App. 739, 923 A.2d 795 (2007), the trial court found that the defendant's net weekly income was $2715 while the plaintiff's was $62, a difference of approximately 97 percent. The court found that that difference constituted an extraordinary disparity. Id., 748. Likewise, in *Misthopoulos* v. *Misthopoulos*, Superior Court, judicial district of Middlesex, Docket No. FA-04-4000976-S (July 25, 2006), the court found that, in the year preceding the dissolution, the defendant earned $753,014 while the plaintiff earned roughly $25,000 in that period, a difference of more

than 96 percent. Because the plaintiff at the time of dissolution had virtually no weekly income while the defendant earned "well in excess of $5000 per week," the court found an extraordinary disparity between the parties' incomes. The court in *Maturo* v. *Maturo*, Superior Court, judicial district of Middlesex, Docket No. FA-04-0198618-S (June 12, 2006), reached the same result where the plaintiff was a stay at home mother and the defendant earned well in excess of $5000 per week. Although it did not discuss specific net income figures, the court in *Lavoie* v. *Lavoie*, Superior Court, judicial district of Hartford, Docket No. FA-04-4004268-S (September 20, 2007), found an extraordinary disparity where the defendant was "able to support the parties' two children on her income" while the plaintiff earned "considerably less and is just surviving on that."

The financial affidavits before the court in the present case indicate the following. The plaintiff's net weekly income was $1115.93 as of August 23, 2004, and $1191.33 as of March 5, 2005. The defendant's net weekly income was $739 as of October 27, 2004. A handwritten stipulation agreed to by the parties and introduced into evidence at the April 20, 2006 hearing states that the defendant's net weekly income at that time was $744. Thus, the difference between the respective net weekly incomes of the parties was approximately 38 percent. Although not insignificant, that disparity is far less than that deemed extraordinary in the aforementioned cases. Viewing the evidence before the court in light of those decisions, we cannot say that the court's finding that the disparity between the parties' incomes was not extraordinary is clearly erroneous. Indulging every reasonable presumption in favor of the court's ruling, we conclude that the court did not abuse its discretion in declining to deviate from the guidelines pursuant to § 46b-215a-3 (b) (6) (B).

The judgment is affirmed.

In this opinion the other judges concurred.